(March 5, 1890.)

## MARTIN ET AL. v. ATCHISON ET AL.

[33 Pac. 470.]

JUDGMENT CREDITOR—RECEIVER.—A judgment creditor is without an adequate legal remedy when the title of the defendant's property is clouded by a fraudulent assignment thereof and by another judgment which, though fraudulent, is held a prior lien, and when such property is in the hands of a receiver to be sold for the benefit of such fraudulent judgment.

RECEIVER.—A receiver cannot be sued without first obtaining the permission of the court which appointed him.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Albert Hagan, for Appellants.

Charles W. O'Neil, for Respondents.

No briefs filed in the case.

BEATTY, C. J.—The complaint alleges that on the twelfth day of May, 1887, one Brile obtained judgment for $650.25 in the district court of Shoshone county against defendant the Kentucky Smelting and Mining Company, which was sold and assigned to plaintiffs; that on March 31, 1887, defendant company by a deed of assignment transferred, for the benefit of its creditors, to defendant Gregory, a certain smelting property described in the complaint; that said assignment was illegal and void; that

on January 24, 1887, one Wessells filed his mechanic's lien against defendant company and its property for about $1,400, and on February 23, 1887, commenced in said district court his foreclosure action on said lien; that on April 6, 1887, said Wessells died, when defendant Atchison was appointed his administrator; that on November 25, 1887, by stipulation of parties, said administrator recovered judgment against defendant company for about $1,000, which was declared a prior lien against said company's property; that at the same time, defendant Lowering was appointed by said court receiver to take charge of said smelting property, sell it, and apply the proceeds to the payment of said Wessells judgment; that the claim of said Wessells was fraudulent, and that defendant company was not indebted to him; that the Wessells judgment was recovered through such proceedings, which, if true, would make it fraudulent, and in them all the defendants except Lowering were concerned; that in consequence of these proceedings, the property being in the hands of the receiver Lowering, and the Wessells judgment being held the prior lien, plaintiffs are unable to enforce their judgment by the sale of said smelting property; and plaintiffs then ask, in effect, that their judgment be declared the prior lien and claim against said smelting property, and the receiver be restrained from selling the latter. To the complaint, defendants interposed their demurrer, which being overruled by the court, they refused to answer, and judgment was rendered against them as prayed. From this judgment they have appealed to this court, and the cause is submitted without argument, but upon briefs of the respective parties.

The defendants by their demurrer, and here, claim that plaintiffs had an adequate remedy at law. How and by what means? They allege the smelting property is all the defendant company had, and, this being in the possession and under control of the court, plaintiffs could not proceed against it. Suppose it had not been in the hands of the receiver, what adequate remedy at law would plaintiffs then have? All they could do would be to issue execution, and sell the property in pursuance of their judgment. But with this prior alleged invalid assignment of the

property, and the lien of the Wessells judgment against it, who would purchase it? The probability is no one would at anything over a nominal sum, or for anything near its value. The result would be that plaintiffs would be compelled to buy in the property, and then bring an action against all these parties to clear the cloud against the title. Plaintiffs may not want to purchase the property; they may prefer it to be sold for its full value, and they get their money. The only way this would be possible would be the clearing away of these claims against it, the clouds upon its title, all of which plaintiffs are entitled to if the allegations of their complaint are true. We do not think plaintiffs had an adequate remedy at law, but that they are entitled to a remedy, at least, similar to that they are pursuing by this action.

The appellants also claim there is a misjoinder of parties defendant, and in that the receiver Lowering is made a party defendant without permission first had of the court appointing him. We think the claim of appellants is correct. The receiver is an officer of the court, in all respects subject to its orders and directions, and, in so far as his duties as such go, is not amenable to any other power or authority, and at all times is under the protection of the court, and the property in his hands is *in custodia legis.* To permit anyone to bring actions against him concerning such property would be to remove him from the protection of the court, and the property from its possession and control. If the action can be commenced against him, it may proceed to judgment, and the property actually in his possession by the prior order of the court sold; thus bringing the different orders and judgments of the court on the same subject directly in conflict. If such proceedings can be tolerated, then the appointment of receivers by courts would be a useless ceremony—a farce. The plaintiffs are not without a remedy, for they may ask the court to allow the receiver to be made a party, under such restrictions as the court deems best for the preservation of the property, of its own authority, and the protection of its officers; or the court may, upon the proper showing being made, require the receiver, if the property is sold in pursuance of its former order, to hold the proceeds thereof subject to the further directions of the court. Upon principle, this question seems clear, without the citation of authorities. In support of the

view above expressed, one controlling with us is *Barton v. Barbour,* 104 U. S. 128, which says: "It is a general rule that, before suit is brought against a receiver, leave of the court by which he was appointed must be obtained. *Davis v. Gray,* 16 Wall. 203, and cases there cited. But the learned counsel for plaintiff in error strenuously contends that the only consequence resulting from prosecuting the suit without such leave is that the plaintiff may be restrained by injunction or attachment for contempt, and that the rule applies only to cases where the suit is brought to take from the receiver property whereof he is in possession by order of the court. We conceive that the rule is not so limited." The court continues then to the distinct conclusion that an action cannot be commenced against a receiver without permission of the court which appointed him. There are some other questions discussed by appellants in their brief which we do not deem it necessary to further refer to, as they can be better determined by the lower court when upon the trial of the cause all the facts are before it. We therefore conclude the judgment of the lower court should be reversed, and the cause thence remanded for such action in harmony herewith as to such court may seem best; and it is so ordered.