WILLIAM DEERING & CO. v. J. W. BEARD *et al.*

1. WIDOW — *Absence from Homestead.* A widow's temporary absence from the homestead does not divest her of the right to the same, and subject the property to the payment of the debts of the intestate.

2. MINOR CHILD — *Rights not Forfeited.* Where a minor child of the intestate continues to cultivate the homestead after the father's death, but does not actually occupy the premises continuously, but resides with his mother until her marriage, and then lives with her husband, but continues to farm the homestead, he does not thereby forfeit his rights, as such minor, to the homestead interest in the property, and his interest cannot be sold for his father's debts.

*Error from Pratt District Court.*

THE facts appear in the opinion. Judgment for defend-ants, *Beard* and others, at the January term, 1889. The plaintiffs, *William Deering & Co.*, bring the case here.

*R. F. McGrew*, and *Apt & Crawford*, for plaintiffs in error. *Carskadon & Johnston*, for defendants in error.

Opinion by GREEN, C.: This was an action commenced in the probate court of Pratt county by the plaintiff in error against J. W. Beard, as administrator of the estate of H. N. Walters, deceased, for an order to sell the southeast quarter of section 4, in township 26 south, of range 11 west, as the property of said estate, to satisfy the claim of the plaintiffs in error, amounting to $259.53, which had been allowed by the probate court on the 18th day of October, 1886. To this application the administrator answered, that the land was ex-empt; that the widow and son continued to occupy the place as a homestead until December, 1886, when the former deeded her half interest in the land to J. W. Beard, who married the widow after the execution and delivery of such deed; that the real estate had never been partitioned, was still the homestead of Ray Walters, the son, and was not subject to the payment of the debts of the deceased. The administrator asked that Josephine H. Beard, the former wife of the deceased, and Ray Walters, the minor child, be made defendants. The record shows that they appeared and adopted the answer of the administrator, but it is silent as to the appointment of a guardian *ad litem* for the minor. The court refused to make the order, and the case was appealed to the district court, where it was again tried by the court, and judgment rendered for the defendants.

It appears from the record that H. N. Walters owned and occupied the land in question as a homestead, with his wife and son. The decedent died on the 17th day of September, 1884. The widow and son continued to reside on the land

2 — 48 KAS.

until some time in December, 1885, when she found herself in such an embarrassed condition that she could not make a living, and her neighbors moved her house to Hainesville, a distance of two and a half miles, where she kept a small store, and her son attended school and farmed the place, going back and forth from town to the land. It seems, from the evidence of the wife, that she still claimed the place as her homestead during her stay in Hainesville, which continued until December, 1886, when she deeded her undivided half interest in the place to J. W. Beard, in consideration of his assuming the payment of certain mortgage for $152, which she had placed upon her interest. On the same day that the deed was made she married the grantee, and she and her minor son have since resided with her husband. The son, in the meantime, has continued to cultivate the farm. There was some evidence which went to establish the fact that there was a sod house, with a small addition as a granary, still on the place, which was habitable, after the frame building had been moved to Hainesville.

It is claimed by the plaintiffs in error that it is occupancy alone which secures the right to land as a homestead, and when not so occupied and there are existing debts, the land becomes liable for their payment. The rule contended for does not strictly apply in all cases, especially where the claim is made by the widow, or, as in this case, where the rights of a minor child are involved. The rule has been stated by Mr. Thompson, in his treatise on Homestead and Exemption Laws, § 242: "Although it is necessary that there should have been sufficient occupancy of the premises by the husband or father prior to his decease to impress them with the homestead character, and the object of the law is to preserve the rights of the survivors to the property in order that they may occupy it, the courts are much more liberal in construing the provisions of the statute having reference to occupancy by the widow or surviving minor children." Paragraph 2593 of the General Statutes of 1889 wholly exempts the homestead from distribution under the laws of the state and from the payment of debts of the deceased, and makes it the prop-

erty of the widow and children. This land was unquestionably the homestead of the intestate. The widow was in the actual occupancy of the farm for more than a year after the husband's death, when, for what seemed to be a necessary cause, she removed temporarily, with the intention, as she claims, of returning to the farm. It was said in the case of *Phipps v. Acton*, 12 Bush, 377:

"That the widow's temporary absence from the premises after having rented them out and placed her tenant in possession thereof is not such an abandonment as will forfeit her claims to the homestead under the statute, for she may be said to be in possession by her tenant; and so long as she is in the occupancy or control of the premises, by herself, her agent, or tenant, her right to the homestead will continue; and so far as her infant son is concerned, his right to the homestead does not depend upon his occupancy, but upon his minority; nor can he be deprived of such right, either by his mother's abandonment of the homestead, or his own failure to occupy the same."

Chief Justice HORTON said, in the case of *Vandiver v. Vandiver*, 20 Kas. 505:

"No good reason exists why the homestead of the intestate, 'toward which the eye of the creditor need never be turned' in the lifetime of the debtor, shall, upon his death, be liable for claims of creditors when continued to be occupied by the widow or children of such debtor.

"We are not called upon now to determine the nature of the occupancy after death of a debtor to exempt the homestead from the payment of his debts; but certainly the requirement of 'occupancy' should be liberally construed, so as to favor the beneficial purposes of this section of the law."

The application in this case was for the sale of the entire interest in the real estate, including the interest of the minor child. The record does not show that a guardian *ad litem* was appointed, so that the minor was not really in court. Besides, we do not think the minor's interest could be sold for the payment of the debts of the intestate. The minor had not abandoned the land; he has continued to cultivate and, so far as he could, occupy the premises. It has been held that minor children are incapable, either by act or declaration, of waiving

or abandoning the homestead right. Actual occupancy by them is not necessary. (*Shirack v. Shirack,* 44 Kas. 653; *Booth v. Goodwin,* 29 Ark. 633.)

This case is much stronger in favor of the minor than any of the cases cited, because it clearly appears from the evidence that there was no intention upon his part to abandon the premises. He continued in possession from the time of his father's death to the trial, and has shown no intention of leaving the farm.

Other questions are raised by counsel for plaintiffs in error and urged with force, but the view we take of the law renders it unnecessary for us to consider them, as they become wholly immaterial. We are clearly of the opinion that there was no error in the judgment of the district court, and that the same should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.