S. W. SHATTUCK, JR., *et al.*, V. A. J. WEAVER.

No. 15,922.

HOMESTEAD—*Temporary Absence.* The agreed facts held not to show a loss of the homestead right.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed April 10, 1909. Affirmed.

*S. W. Shattuck, jr.,* for the plaintiffs in error; *David M. Dale,* of counsel.

*Rodolph Hatfield,* for the defendant in error.

*Per Curiam:* That the plaintiff constituted the family of his deceased wife is settled by *Weaver v. Bank,* 76 Kan. 540, overruling *Ellinger v. Thomas,* 64 Kan. 180. (See, also, *Cross v. Benson,* 68 Kan. 495.)

That temporary absence will not defeat the homestead right is settled by cases too numerous to need citation. That during the temporary absence of the owner premises may be rented without destroying their homestead character has been settled ever since the decision in *Hixon v. George,* 18 Kan. 253. (See, also, *National Bank v. Warner,* 22 Kan. 537; *Garling-house v. Mulvane,* 40 Kan. 428, 431; *Shirack v. Shirack,* 44 Kan. 653, 656; *Deering v. Beard,* 48 Kan. 16, 19; *Pitney v. Eldridge,* 58 Kan. 215; *Upton v. Coxen,* 60 Kan. 1; *Bebb v. Crowe,* 39 Kan. 342; *Hoffman v. Hill,* 47 Kan. 611.) These decisions, and particularly *Deering v. Beard, Pitney v. Eldridge* and *Upton v. Coxen,* dispose of the arguments relating to present right of possession and two homesteads in one tract. Besides, the creditor has no license to claim a homestead for the tenant in this case.

The facts being agreed to, burden of proof is not material. The question is purely one of law—what

shall the judgment be?   The parties stipulated how the agreed statement of facts should be interpreted:

"The said plaintiff has never abandoned or relinquished his residence upon said lots on said Mona avenue, unless by reason or by virtue of the facts hereinbefore set forth."

The agreed facts show a removal for a temporary purpose.   They do not include an intention not to return.

The judgment of the district court is affirmed.