No. 18,698.

THE J. I. CASE THRESHING MACHINE COMPANY, *Appellant*, v. W. S. ROACH, *Appellee*.

SYLLABUS BY THE COURT.

EXECUTION—*Homestead—Conflicting Evidence—Decision Final.* The rule that a decision reached by the trial court after considering conflicting evidence must stand, is followed.

Appeal from Barber district court; PRESTON B. GILLETT, judge. Opinion filed March 7, 1914. Affirmed.

*A. L. Noble, J. N. Tincher,* and *Seward I. Field,* all of Medicine Lodge, for the appellant.

*G. M. Martin,* and *Samuel Griffin,* both of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff levied execution on certain property to satisfy a judgment against the defendant. The latter claimed the property as exempt. The court found for the defendant, and the plaintiff appeals.

The execution was levied December 26, 1911. On the 30th of the previous September the defendant's mother had left the property to him by will. We have examined the testimony given by the various witnesses, from which different conclusions might be drawn, and also that of the defendant himself, from which different conclusions might likewise be drawn, but it can not be said that the decision of the trial court was not supported by competent evidence. Among the things which go to lend support were the following: The defendant testified that he had lived on the property and had built a house in 1908, and his mother lived with him, she owning the lots ᴜ ɪ which a small house had been built by him before the one erected in 1908; that he, with his family, was living on a ranch in July, 1911, but came to the house on the premises now in controversy in that month, while his mother was sick, and went back and forth waiting on her until he could leave his crop, when he came and stayed; that previously he had been living there in the winter and on the ranch in the summer, coming back in time to send his children to school; that he had considered the town of Sharon, where the property is located, his home and voted there for sixteen years, during which time he had not voted elsewhere or called any other place home.

The wife testified that they were living in the house at the time of the mother's death, and had been there continually for eight or nine weeks, and continued to

live there until the 10th of October following, when they went back to the ranch, but leaving some of their household effects, intending, after they had finished their work on the ranch, to come back to the property in town, which she had always regarded as her home. There was testimony showing that the defendant had rented the house, except one room, and had attempted to arrange for a removal to Texas, but it was not clear that the property, if a homestead, had been abandoned as such at the time of the levy. (*Palmer v. Parish,* 61 Kan. 311, 59 Pac. 640; *Randolph v. Wilhite,* 78 Kan. 355, 96 Pac. 492; *Shattuck v. Weaver,* 80 Kan. 82, 101 Pac. 649.)  While a different conclusion could have been reached from all the testimony or from that given by the defendant himself (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531; *Simmons v. Shaft,* ante, p. 553, 138 Pac. 614), we are not authorized to change the one arrived at by the trial court, it being supported as already indicated.

The judgment is therefore affirmed.