No. 19,204.

JOHN WILHITE, *Appellee,* v. WILLIAM DIEBALL and MRS. WILLIAM DIEBALL, *Appellants.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Verified General Denial—Admissions in Answer—Burden of Proof.* While a verified general denial standing alone will raise the issue of the execution of a written instrument, it can not be given that construction where in the same answer there is an admission of the execution coupled with the denial that it was in existence at the date it purports to be executed.

2. SAME—*Alteration of Note by Maker and Payee—Foreclosure of Mortgage Not Necessarily Defeated Thereby.* As between the maker and the payee, the terms of a note and mortgage given to secure it may be altered by erasures and interlineations in material matters, and where the real estate has been sold subject to the mortgage, the purchaser may not defeat foreclosure on the ground that material alterations were made in the written instruments, unless he has suffered prejudice thereby.

3. SAME—*Trial—Burden of Proof on Plaintiff.* In the situation presented by the facts recited in the opinion, the burden of proof, in an action upon a note and mortgage, was upon the plaintiff, and it was error to place the burden upon the defendants.

Appeal from Pawnee district court; ALBERT S. FOULKS, judge. Opinion filed January 9, 1915. Reversed.

*G. Polk Cline, Nellie Cline,* and *E. E. Glasscock,* all of Larned, for the appellants.

*F. J. Oyler,* of Iola, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an action to foreclose a mortgage. The plaintiff formerly owned the property which consists of a hotel at Garfield, and he traded it to a man by the name of Mason for a farm in Missouri. Mason and wife gave him a mortgage on the hotel

property to secure a note for $1000, and on the same day that the mortgage was executed they conveyed the property to defendant William Dieball, the deed reciting that the conveyance was subject to a "first mortgage for $1000 dated today and due in two years from date, in favor of John Wilhite, drawing 6 per cent and payable semi-annually." There was a provision in the mortgage that if any interest on the note was not paid when due, "and if the taxes and assessments" were not paid when due, then the whole principal and interest thereon should become due. The petition alleged that the interest due on March 9, 1913, had not been paid, and also that the taxes were in default, and asked for the foreclosure of the mortgage and for a sale of the property to satisfy the lien.

Dieball filed a verified answer, consisting of a general denial and an admission that he was the owner in possession of the property, and further alleged that neither the note nor the mortgage sued on was in existence at the time of the delivery of his deed, but were executed long after he had received the conveyance from Mason and wife. The case was tried to the court, and over the defendants' objections the court ruled that the burden of proof was upon the defendants, and this presents practically the only question involved in the appeal. After this ruling as to the burden of proof, the defendants introduced some testimony, which, however, the court gave defendants leave to withdraw from the record; and the case was submitted upon the pleadings and the ruling as to the burden of proof. The court found the issues for the plaintiff, and rendered a decree foreclosing the mortgage.

Attached to the petition and made a part thereof is "Exhibit A," purporting to be a copy of the note sued upon. It reads as follows:

"$1,000.00.                    SEPT. 9th, 1912.

"June 1st, 1914, after date we promise to pay to the order of John Wilhite, One Thousand ($1,000) Dollars.

For value received negotiable and payable without defalcation or discount and with interest from date at the rate of 6 per cent per annum, and if the interest be not paid semi-annually to become as principal and bear the same rate of interest.

(Signed)    JOHN M. MASON,<br>ANGENETTE MASON."

A copy of the mortgage was likewise made a part of the petition, and it purports to set out a copy of the note which the mortgage was given to secure, and which reads as follows:

"$1,000.          COLUMBUS, Ks., Sept. 9th, 1912.

"June 1st, 1914, we promise to pay John Wilhite One Thousand Dollars with interest at the rate of six per cent from date, payable semi-annually.

(Signed)    JOHN M. MASON,<br>ANGENETTE MASON."

The original note and the original mortgage which were filed for cancellation at the time judgment was rendered are before us, and the copy of the note in the mortgage shows an erasure and alteration. The words "June 1st, 1914," are written over an erasure and by a different typewriter and different ribbon from the other portions of the note. The original note also shows an erasure, the body of the note having been written with pen and ink, and the time when the note was due has been erased and the words "June 1st, 1914," written therein with an indelible pencil.

In *Threshing Machine Co. v. Peterson,* 51 Kan. 713, 33 Pac. 470, it was held that in a suit upon a promissory note, a copy of which was set out in the petition showing a specified rate of interest, an answer consisting of a verified general denial casts the burden of proof upon the plaintiff, and further that under a verified general denial it is proper to introduce proof to show an alteration of the note.

The answer in the present case consists of a general denial and language which must be construed as an admission of the execution of the note and mortgage,

but denying that they were in existence at the time the defendants purchased the property.

But whether or not the answer should be technically construed as a general denial of the execution of the particular note and mortgage, we think the burden of proof upon the pleadings rested upon the plaintiff. When the case was called for trial the plaintiff was hardly in a situation to stand upon any technical rule as to the burden of proof. His petition asked for the foreclosure of a mortgage given to secure a certain note, a copy of which was made a part of the petition. Also as part of the petition there was attached a copy of the mortgage which recites an entirely different note. There is no similarity in the two instruments except as to amount and dates. One is a negotiable promissory note; the other is nonnegotiable. Besides, plaintiff in his petition further alleged that the defendants had accepted a conveyance of the property subject to this mortgage. The answer set up a copy of the deed conveying the property to the defendants, which recited that the conveyance was subject to a note differing in terms from either of the notes referred to in the petition.

Without asking the court to reform the instruments, or attempting to offer some explanation of the inconsistent recitals of the petition, the plaintiff saw fit to stand upon his pleading and to insist that the defendants had the burden of proof upon the question whether the note sued on was the same one mentioned in the deed of conveyance. He offered no proof; but the original note and mortgage which were filed for cancellation show on their face erasures and alterations. Under what circumstances and by what authority these were made was not shown.

The court had overruled a motion to make the petition more definite and certain by requiring the plaintiff to state whether he was seeking to hold the defendants on a mortgage given to secure the indebtedness re-

ferred to in "Exhibit A" or that referred to in "Exhibit B." In this situation of the pleadings the plaintiff should have been willing to have assumed the burden; and we think it was error to cast it upon the defendants.

In *Stewart v. Balderston,* 10 Kan. 131, referring to a case where proper motions had been made to require a defective pleading to be made definite and certain, it was said in the opinion:

"And where the adverse party then refuses to amend his defective pleading, resists the motions to have it amended, and has the motions overruled by the court, the most rigid rule of the common law should prevail. No statement of fact in the pleading, which the motions reached, should then be taken as true unless well pleaded; and if any such statement would bear different constructions, the party demurring should be allowed to adopt any one of such constructions which he should choose. . . . After a party has received full notice that his pleading is defective in some particular, and has been asked to correct it, it is his fault if it still remains defective in such particular, and he is the one who should suffer on account of such defective pleading, and not the other party." (p. 149.)

On the other hand, it is quite clear that, as between themselves, the maker and payee could alter the terms of the note and mortgage to suit their pleasure; and as against the defendant, who purchased the real estate subject to the mortgage, they could likewise alter the terms and conditions of the note and mortgage, provided such alterations did not prejudice the rights of the defendant. Upon his own theory he purchased subject to a mortgage given to secure a note for $1000, due two years from date, but with a provision in the mortgage for the acceleration of the maturity of the debt if the interest and taxes were not paid when they became due, and, if there was no default in payment of the interest and taxes, the plaintiff could not maintain an action to foreclose as to him until two years from the date the note was executed. However, it is

our opinion that in the state of the pleadings the plaintiff was required to offer proof, and that it was error to place the burden of proof on the defendant.

The judgment will be reversed, and the cause remanded for further proceedings.