No. 19,289.

SARAH E. KING, *Appellant*, v. THE CITY OF PARSONS, *Appellee.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Defective Sidewalk—Injuries—Written Statement of Accident Left with City Clerk at his Residence Filed within Statutory Time.* In an action to recover against a city for damages caused by a defective sidewalk a statement complying in all respects with the provisions of section 870 of the General Statutes of 1909, giving the time, place and circumstances of the accident, was handed to the city clerk at his residence at 11:15 p. m. The next morning the clerk took the notice to his office and stamped it as filed on that date, which was one day more than four months from the time plaintiff was injured. *Held,* that there was a compliance with section 870 of the General Statutes of 1909, requiring the statement to be filed "with the city clerk" within four months after the injury.

2. SAME — *Conflicting Evidence — Demurrer Wrongfully Sustained.* It is the province of the jury to weigh the facts and inferences where there is a conflict in the evidence, and it is error for the court to sustain a demurrer where there is any evidence to sustain the plaintiff's case.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed June 12, 1915. Reversed.

*W. P. Talbot, sr., A. A. Osgood, Paul H. Kimball,* and *Webster W. Kimball,* all of Parsons, for the appellant.

*T. M. Brady, E. L. Burton,* and *George F. Burton,* all of Parsons, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Plaintiff sued the city claiming that she had been injured by falling on a defective sidewalk. The court sustained a demurrer to her evidence and gave judgment in favor of the city. Plaintiff appeals.

A number of reasons are advanced by the defendant in support of the ruling upon the demurrer, but from our view only one of them warrants extended comment.

King v. City of Parsons.

The statute (Gen. Stat. 1909, § 870) requires that before such an action can be maintained a statement in writing shall be "filed with the city clerk" within four months after the injury, giving the time and place of the accident and the circumstances. It is conceded that a statement in form complying in all respects with the statute was left with the city clerk at his residence at the hour of 11:15 on the night of October 19, 1911, the last day of the four months from the time plaintiff was injured, and that on the next morning the city clerk took the notice to his office and stamped it as filed on the 20th.

The city contended and the court held that in order to comply with the terms of the statute the notice had to be filed with the city clerk at his office, and that leaving it with him at his residence after the usual office hours was not sufficient. The statute in express terms requires the statement to be filed "with the city clerk." Usually, of course, when any paper is required to be filed with an officer it is contemplated that it will be presented to him at his office, if he has an office, and during business hours; but we think it would be enforcing a very technical construction of the statute, considering the purpose of its enactment, to hold that where, as in this case, the notice is left with the clerk at his residence within the required time and he accepts it, it is not in fact filed with him merely because he fails to take it to his office and to mark it as filed until the next day. In this case the clerk seems to have given effect to the intention of the plaintiff and evidently understood that the paper was left with him in his official capacity for he deposited it among the files in his office the first thing in the morning. Of course, the fact that he stamped it filed on the 20th would not defeat plaintiff's right to rely upon his acceptance of the custody of it the day before.

It is seriously argued, however, that the city had no opportunity to investigate the circumstances of plain-

tiff's injury until the next day and was therefore deprived of one day's notice intended by the statute. The plaintiff, however, had the whole of the 19th in which to give notice, and as we hold the service made on that day was sufficient, the city was not deprived of a day. A different question might arise where the clerk in such a situation refuses to accept a paper at his residence, after office hours; but here, instead of refusing, he consented to and did receive it.

Every other reason urged by the defendant for sustaining the demurrer involves a question of fact upon which there was some evidence for the jury to pass. The cross-examination of plaintiff's witnesses afforded defendant some ground upon which to base an argument to a jury, but the court could not decide the conflict in the testimony on a demurrer. (*Acker v. Norman*, 72 Kan. 586, 84 Pac. 531.) In that case the plaintiff on cross-examination contradicted her testimony given in chief and the court sustained a demurrer, but the judgment was reversed and it was said in the syllabus:

"It is error for a trial court to sustain a demurrer to the evidence because there is a conflict between plaintiff's testimony in chief and that given upon cross-examination. The court cannot weigh the evidence. If there is any evidence whatever to support plaintiff's case it must be left to the jury to decide its weight and credibility."

It is argued that the demurrer was properly sustained because there was no evidence to show that the city had notice of the defect in the sidewalk. One witness for the plaintiff testified that the depression in the sidewalk had existed for three months previous to the injury; another testified that he knew of it being there at least two weeks prior to the accident. This was evidence to go to the jury upon the question of constructive notice. The city contends that the depression in the sidewalk did not amount to a defect; that plaintiff on cross-examination admitted that she fell

because she stepped backwards into the depression. Sidewalks are meant not only to walk upon but to stand upon. The traveler has a right to stop and engage in conversation with another person, and would not be guilty of contributory negligence as a matter of law even though he stepped backwards into a hole. As observed, however, all these matters are questions upon which the plaintiff was entitled to a jury trial.

The judgment is reversed and a new trial ordered.