No. 21,288.

JOHN WILHITE, *Appellee*, v. JOHN M. MASON et al. (WILLIAM A. DIEBALL, *Appellant*).

SYLLABUS BY THE COURT.

NOTE AND MORTGAGE—*Date When Due Changed—Findings.* The transcript has been examined and is found to contain evidence to afford firm support for the findings and conclusions of the trial court.

Appeal from Pawnee district court; ALBERT S. FOULKS, judge. Opinion filed February 9, 1918. Affirmed.

*F. Dumont Smith,* of Hutchinson, and *G. P. Cline,* of Larned, for the appellant.

*G. W. Finney, Roscoe E. Peterson,* both of Larned, and *F. J. Oyler,* of Iola, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover on a thousand-dollar note and to foreclose a mortgage securing it, alleging that the maker, Mason, had by mistake drawn the instrument to come due two years from September 1, 1912, instead of June 1, 1914, as the parties agreed; and that the defendant Dieball had bought the property subject to the mortgage. The prayer was for reformation and judgment.

Dieball answered by verified denial, and claim of ownership and possession. There was no charge of fraud, the question being whether or not Dieball can be held by virtue of taking subject to the mortgage as originally written, or whether he consented to or ratified the change which was made by Mason, touching the date when the note and mortgage would come due.

By a series of transactions not necessary to describe, Mason traded for a hotel property at Garfield, Kan., giving a mortgage thereon for a thousand dollars, and sold it to Dieball subject to the mortgage. The case was tried by the court, and findings of fact made, to the effect that the note and mortgage were sent to the bank at Garfield to be delivered to Wilhite; that Wilhite and wife objected to the due date and had the instrument returned to the Masons for correction. That Mason on or about the first day of October, 1912, changed the due date and returned the note and mortgage so changed to the bank, where they were received on or before the third day of October, 1912; that on October 4 Dieball received the deed to the hotel property subject to a mortgage of one thousand dollars due about the 9th of September, 1914.

"At the time William Dieball took the deed from the bank at Columbus the whole transaction was explained to Dieball by John M. Mason.

"On the evening of the 5th of October, 1912, William Dieball arrived at Garfield, Kansas, and went direct to the said hotel and at that time had a conversation with John Wilhite in which the entire transaction was talked over between John Wilhite and William Dieball and that on the 8th day of October, 1912, William Dieball took possession of said hotel property.

"That on the 12th day of October, 1912, William Dieball filed his deed for record and at the time the deed was filed for record the register of deeds informed Dieball that the note and mortgage had been filed for

Wilhite v. Mason.

record and Dieball at that time examined the note and mortgage and noticed the erasures that had been made thereon.

"The court finds that in the transactions leading up to the acquiring of the title to the hotel property at Garfield, Kansas, by William Dieball, John M. Mason acted as and for William Dieball as his agent."

Dieball appeals, and insists that the finding that the instruments were returned to the bank on or before the third day of October is contrary to the evidence, likewise the finding of agency, and that the court erred in reforming the note and mortgage. His brief is devoted principally to the claim that the findings are not sustained by the evidence and are contrary thereto. The plaintiff having criticised Dieball's abstract and filed a counter-abstract, we have resorted to the transcript furnished by counsel for the defendant, and which contains the evidence, all in the form of depositions.

Wilhite testified that he got acquainted with Dieball on the evening of October 5, 1912. That he received back the note and mortgage from Mason on that date through the bank at Garfield. That he told Dieball all about the change in the dates.

Dieball testified that he first saw Mr. Wilhite on October 5, 1912; that he came up from Old Mexico and reached Columbus, Kan., October 3d, and got his deed in the afternoon of the 4th from the cashier of the First National Bank; that he did not see Mason until the afternoon of the 4th, when he had a talk with him about the transaction, but no further than to get the deed; that Mason said nothing to him about a change having been made in the note or mortgage, "No, sir, not one word about that change." On cross-examination he said he did not know it until he asked Mr. Wilhite if he changed the date; that he came to Garfield on the 5th and took possession of the hotel on the 8th, after having examined the property; and that he had no conversation with Wilhite about the note and mortgage. Further on he stated that when he went to Garfield he asked Wilhite if they changed it, and Wilhite said, "Yes, sir." This was before the mortgage was recorded.

"Q. You went ahead and took the property after you learned that, did you not? A. That was the only thing I could take.

"Q. You had your deed recorded after that? A. My deed was here all ready to have recorded.

"Q. Now you say you had a talk with Mr. Smith? A. Yes, sir.

"Q. And he showed you the note and mortgage? And that was before your deed was recorded? A. Yes, sir.

"Q. And notwithstanding you saw the change in the note and mortgage you had the deed recorded? A. I requested him to record my deed and had possession of the property.

"Q. And you kept possession? A. Yes, sir."

Mr. Mason testified that after Mr. Dieball came to Columbus he explained everything fully, that he showed Mr. Dieball the note and mortgage and explained to him why he had made the change in the dates when they would fall due. In another place he said he was not positive that he went into detail about the change in the date, but that Mr. Dieball knew that the two mortgages were to take care of each other. On redirect examination he stated he did not go into detail about explaining to Dieball about the changes in the note.

While the case is somewhat remarkable for the discrepancies between the examinations and cross-examinations of the witnesses, under the familiar ruling announced in *Acker v. Norman,* 72 Kan. 586, this is a conflict that must be settled by the triers of fact. (*Machine Co. v. Roach,* 91 Kan. 840, 139 Pac. 430; *Terry v. Gravel Co.,* 93 Kan. 125, 143 Pac. 485; *Cornwell v. Moss,* 95 Kan. 229, 231, 147 Pac. 824; *King v. City of Parsons,* 95 Kan. 654, 149 Pac. 699; *Hyland v. Railway Co.,* 96 Kan. 432, 151 Pac. 1107; *Stothard v. Mining Co.,* 98 Kan. 756, 160 Pac. 213.)

From the few items of the testimony we have quoted, the finding as to when the deed was received by Dieball draws sufficient support to forbid its disturbance. The same may be said of the finding as to the information received by Dieball at Garfield on October 5, 1912, and the further one that he recorded his deed after he knew of the changes in the note and mortgage.

As to whether or not Mason acted as agent for Dieball in the hotel transaction is not material. Dieball accepted the deed subject to the mortgage, knowing that the due date had been changed, and he cannot be heard now to say that he was injured by such change. (*Wilhite v. Dieball,* 94 Kan. 78, 145 Pac. 854.)

It follows that the judgment must be affirmed, and it is so ordered.