No. 21,897.

NOAH R. WAGLER, *Appellee,* v. BRIDGET TOBIN et al. (JAMES A. TOBIN and MAYME G. GIBBONS, *Appellants*).

SYLLABUS BY THE COURT.

1. PLEADINGS—*Amended Petition before Answer Filed.* Before an answer is filed, the plaintiff may amend his petition as to subject matter and parties without leave of court.

2. APPEAL—*Questions Reviewable on Appeal.* Only questions raised and determined in the district court are open to review on appeal.

3. PROMISSORY NOTES—*Alleged Alterations—Burden of Proof.* In his action to recover on promissory notes and to foreclose a mortgage securing the same, the plaintiff set out some of the negotiations preliminary to the execution of the notes and mortgage, also that because of a modification of their agreement, one set of notes prepared for signing had been substituted for another, and that certain changes were made in the notes sued on before delivery to make them conform to the final agreement of the parties. The defendant answered alleging

that there had been a fraudulent alteration of the notes after delivery. *Held,* that the burden of proof to establish fraudulent alteration rested upon the defendant.

4. SAME—*Findings of Trial Court Conclusive.* The finding of the trial court upon conflicting and substantial evidence as to the alleged alteration is conclusive upon appeal.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed Februray 8, 1919. Affirmed.

*J. M. Ready, J. W. Ready, W. T. McBride,* all of Wellington, and *G. A. Stultz,* of Wichita, for the appellants.

*Ed. T. Hackney,* of Wellington, and *H. T. Landauer,* of Peoria, Ill., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to foreclose a mortgage on land in Sumner county, given to secure three promissory notes executed on May 2, 1914, by James A. Tobin and his wife, Bridget Tobin, one for $2,500 due in March, 1915, the second for $2,000 due in March, 1916, and a third for $2,000 due in March, 1917. Upon the last two judgment is asked.

The defense was that there had been a fraudulent alteration of the notes after delivery by changing the date of the same from April 15, 1914, to May 2, 1914, and also by writing into each the clause, "This note secured by mortgage on Sumner county land." At the institution of the action Bridget Tobin was named as a defendant, and judgment was asked against her, but the plaintiff dismissed his action as to her and in an amended petition asked for a personal judgment against James A. Tobin only, and that in the judgment of foreclosure the interest of Mayme G. Gibbons, to whom the Tobins had transferred the land, be adjudged to be inferior to that of the plaintiff. The jury returned a verdict for the plaintiff against James A. Tobin, and a decree foreclosing the mortgage was rendered.

In the appeal defendants complain that the court erred in permitting plaintiff to dismiss the case as against Bridget Tobin, and in allowing him to file an amended petition. The defendants are hardly in a position to complain of the rulings, as they appear to have been made without objection. However, the amendment was made before the answer of the de-

fendant Tobin was filed, and the plaintiff is at liberty to amend his petition with or without leave at any time before the answer is filed. (Civ. Code, § 137.) It is clear from the record that the defendant was not limited in the scope of the inquiry because his wife was eliminated from the case, and whatever may be the effect of the omission of Mrs. Tobin from the judgment, it was clearly competent for the plaintiff to proceed against one of the makers severally liable on the notes.

The remaining question is one of fact, namely: Was there a fraudulent alteration of the notes after their delivery? They were given in exchange for the delivery of properties. It appears that plaintiff owned lands in Illinois and Kansas, and that he agreed with the Tobins to exchange the Illinois land for a box factory and other property owned by them, together with their notes for $6,500 secured by a mortgage on the land. Notes and a mortgage were prepared for signatures and sent to the Tobins, who lived at another place. Before the completion of the contract, there were further negotiations between the parties, which resulted in an agreement that the Kansas land, estimated to be of the same value as the Illinois land, should be substituted for it. Another set of notes of like amount with a mortgage on the Kansas land, was prepared for signatures and sent to the Tobins for execution. When the parties came together later for the consummation of the contract, in the early part of May, James A. Tobin brought with him the three notes and the mortgage on the Kansas land. The notes had been dated April 15, 1914, and it is the claim and testimony of the plaintiff that the dates of the same were changed, at the instance of the defendant himself, to May 2, about the time the transaction was closed. Defendant, on the other hand, claims and testifies that the notes were dated April 15, 1914, when they were executed and delivered, and that the change from that date to May 2 had been subsequently made without the consent of the defendants, and that they had been altered also by adding the words, "This note secured by mortgage on Sumner county land." The testimony in behalf of the plaintiff is that both changes were made before the papers were executed, and that the defendant Tobin himself procured it to be done. Attention is called to the fact that the change

was in the interest of Tobin, who was thereby relieved of the payment of interest on $6,500 for a period of fifteen days. There is no question but that the defendant owed the plaintiff a debt of $6,500; the purchase price of the land; that $2,500 of it had been paid without question; that $4,000 of the indebtedness has never been paid; and that the change in the date of the notes, by whomsoever made, was advantageous to the defendant. These circumstances added to the testimony of the plaintiff that the notes are in the same condition as they were when they were delivered, led the court to settle the conflict in the evidence in favor of the plaintiff. That finding is conclusive on this appeal.

There is complaint that the court in its instructions wrongfully placed the burden of proof on the defendants as to the alterations in the notes. It is contended that the plaintiff, having himself alleged that the notes had been changed, had the burden upon him of proving that the changes were honestly made before delivery. It is true that the plaintiff, in reciting the negotiations and steps which preceded the closing of the transaction, spoke of the change in the papers made necessary by the substitution of the Kansas land for that in Illinois, and that the deal was not closed on April 15, nor until May 2, and of the fact that the notes were dated on May 2, but his averment was that the notes executed and delivered by defendants were the notes upon which the action was brought. There was no hint in the petition of alteration after the delivery of the notes, and no allegation that would throw suspicion on the paper or require explanation by the plaintiff. The notes were fair on their faces and, in the absence of evidence to prove alteration, the court and jury were bound to accept them as they were produced. On the other hand, the defendants charged that a fraudulent alteration had been made after delivery, and under the ordinary rules of evidence the burden was upon him to prove that charge. (*Neil, Adm'x, v. Case & Co.*, 25 Kan. 510; *Threshing Machine Co. v. Peterson*, 51 Kan. 713, 33 Pac. 470.)

We find no error in the record, and the judgment is therefore affirmed.