# SUPREME COURT,
## STATE OF KANSAS.

## JANUARY TERM, 1917.

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,            } JUSTICES.
HON. JUDSON S. WEST,
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

No. 20,179.

JOHN CORBETT, *Appellee,* v. FANNIE CORBETT, *Appellant.*

SYLLABUS BY THE COURT.

DIVORCE—*Cancellation of Deeds—Equitable Division of Property.* In a suit by the husband for divorce the petition alleged that the defendant had induced him by means of threats and duress to convey his real estate to her and asked that the deeds be canceled. The court canceled the deeds, granted plaintiff a divorce, and divided the real estate between the parties. *Held,* regardless of whether the evidence justified the cancellation of the deeds, the court on granting the divorce had the power to make an equitable division of the property, and that the division, appearing to be fair and equitable, will not be disturbed.

Appeal from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed June 9, 1917. Affirmed.

*I. M. Mahin, F. W. Mahin,* both of Smith Center, *W. E. Mahin, J. L. Travers,* both of Osborne, and *E. S. Quinton,* of Topeka, for the appellant.

*Clark A. Smith,* of Cawker City, and *N. C. Else,* of Osborne, for the appellee.

1—101 KAN.

The opinion of the court was delivered by

PORTER, J.: In this case the husband sues for a divorce and to cancel deeds by which he had conveyed to his wife 200 acres of land, part of which was their homestead. As grounds for the divorce he alleged extreme cruelty, and claimed that the deeds had been procured by duress and coercion, by threats made by his wife against his person and property. The action was brought within less than a year after he married the defendant. The court granted a divorce, canceled the deeds, and divided the real estate between the parties. The defendant appeals.

Plaintiff's first wife died in November, 1913. Three sons and two daughters, all married, with families of their own, lived on farms near him. He was seventy years of age, and had lived in Osborne county for forty-five years. He owned 520 acres of land. In the springtime of 1914 the old gentleman became lonesome and his fancy was caught by an advertisement of the defendant in a matrimonial journal. He wrote to her, and they had considerable correspondence in which they agreed upon a marriage. She was a widow fifty-two years of age and resided near Louisville, Ky. He went to see her, and they were married July 9, 1914, a few days after they met. She owned a one-third interest in fifteen acres of land fifteen miles from Louisville. The plaintiff furnished $300 to pay the back taxes on her land and paid for a fence and other improvements. He also gave her money for her personal use. Before starting to Kentucky he conveyed 320 acres of his land to his children, reserving to himself a life estate therein. In the correspondence with defendant he represented himself to be sixty-three years of age; told defendant about his wealth, and explained that his land was only encumbered to the amount of $1500. He also agreed to her request that some separate provision be made for her, and in one letter said he would make a will giving her the 200 acres at his death. In reply she wrote that she had known of a number of instances where wills of that kind had been revoked and wanted something more substantial. He promised to arrange those matters to her entire satisfaction.

After their marriage they returned to Kansas, and immediately trouble arose between plaintiff's wife and his children. In December, 1914, he went with his wife to a lawyer's office and stated he desired to convey the land to his wife. Deeds were drawn according to his request. He handed the deeds to his wife and she gave them to the lawyer, who had them recorded. On March 1, 1915, he brought this action. The answer denied that the wife was guilty of cruelty and alleged that the deeds were made voluntarily and in accordance with a promise made before the marriage.

The plaintiff testified that he executed the conveyances because of threats of defendant that she would leave him; that she would burn every building on the place; and also that she had threatened to kill some of his children, and that at one time she said that she would kill him if he did not make the deeds; that she threatened him in every way before he made the deeds so that he had not a minute's peace or rest.

The testimony upon both of these issues was conflicting, and the principal error complained of is that there was no evidence to sustain the finding that the deeds were obtained by duress. The testimony as it appears in cold print does not seem very satisfactory upon this issue, but the trial court, after seeing and hearing the witnesses, deemed it sufficient, and the general rule that this court is bound thereby applies. However, we regard that question as of little consequence. There was sufficient evidence to justify the decree of divorce, and without canceling the deeds the court undoubtedly had the power to make an equitable division of the property between the parties. The wife was awarded eighty acres of the land upon which there are two sets of improvements, and the plaintiff was given 120 acres upon which there are no improvements. The testimony shows that the land awarded her is substantially of the same value as that awarded the husband. The court also gave to the wife her own property in Kentucky upon which plaintiff had advanced money for improvements and taxes, and she was given in addition some personal property, the value of which is not stated.

It can not be doubted that the court had the power to divide the property between the parties, regardless of how the title stood, so long as it belonged to one or the other, or both, and

it has been repeatedly declared that this court will not interfere with a division made by the trial court, unless it appears that there has been an abuse of discretion, and that the division is so unjust and unfair that it should not be permitted to stand. (*Miller v. Miller*, 97 Kan. 704, 156 Pac. 695, and authorities cited in the opinion.)

Upon the facts and circumstances shown in the present case we do not think the defendant has any just cause to complain of the division made by the trial court, and the judgment is affirmed.