No. 21,640.

VIOLA SWALP, *Appellant and Appellee,* v. CHARLES W. SWALP, *Appellee and Appellant.*

SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY—*Award of Alimony Affirmed.* It does not appear that the trial court abused its discretion in determining the amount of alimony awarded to the plaintiff.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed February 8, 1919. Affirmed.

*C. W. Burch, B. I. Litowich,* and *LaRue Royce,* all of Salina, for the appellant.

*Z. C. Milliken,* of Salina, and *W. K. Skinner,* of Stockton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment divorcing her from the defendant and giving her a house and lot in Salina as alimony. Her complaint is that she was not awarded sufficient property. She says that, on account of the expense, she is unable to furnish an abstract that sets out the testimony fully, or in narrative form. She requests that the transcript of the evidence be read. That has been done. The plaintiff does not argue any principle of law on which the judgment can be reversed.

The court made special findings of fact as follows:

"1. Plaintiff and defendant were married April 7th, 1907, at Davenport, Nebraska, after an acquaintance of about two years. At the time of the marriage plaintiff was a widow and had a son about two years of age. Plaintiff and defendant were twenty-six years and forty years old, respectively.

"2. At the time of said marriage defendant had in bank about $7,900.00, and there was due him on account of labor performed and certain personal property sold the sum of $1,000.00. Plaintiff had nothing.

"3. Shortly after the marriage the parties went to make their home with defendant's brothers and sisters on a farm which belonged to the estate of defendant's deceased parents. While living on said farm and with defendant's said relations, plaintiff did practically all the house work. This arrangement proved unsatisfactory and was of short duration, and plaintiff and defendant went to Beatrice to live. There defendant purchased a residence property for $800.00.

"4. The parties lived in Beatrice about a year and a half, during a part of which time defendant was employed as a mill hand and part of the time as a carpenter. He also had relations there with the board of trade and thereby lost between $1,400.00 and $2,000.00.

"5. Early in 1909 defendant bought an unimproved farm of 320 acres in Rooks county, Kansas, and shortly thereafter the parties took up their residence on said farm. The consideration for the farm was $8,000.00 of which sum $5,000.00 was paid down and $1,500.00 in the fall of 1909. There was a mortgage back on the farm for $1,500.00. Upon this farm defendant erected a barn at a cost of $400.00 and other out-buildings at a cost of $125.00. He also erected a dwelling house the material for which cost $800.00. A considerable portion of the labor performed in the erection of said house was performed by the defendant and plaintiff. Plaintiff also did considerable farm work, such as plowing, loading and hauling hay, in addition to her household duties. The labor performed by plaintiff, other than her household duties, was performed by her on account of the urgent request of the defendant. Defendant was himself a very industrious man and at times assisted plaintiff with her household work.

"6. Tiring of farm life, the parties in 1913 leased the said farm to a tenant and moved to Salina. During the summer of said year defendant purchased a small grocery on Seventh street in said Salina, paying for the same the sum of $1,100.00. Urged by defendant, plaintiff, in addition to doing her house work, assisted in running this store.

"7. Feeling that it was an unjust exaction on the part of defendant to require her to labor in the said store in addition to attending to her household duties, plaintiff, on the —— day of ——, 1914, informed defendant that she would no longer perform such services and would in the future only look after her house work. Shortly thereafter plaintiff filed a suit for divorce against defendant, but her petition was denied, and thereafter proposals were made by plaintiff and defendant to each other as to terms upon which they might again live together as husband and

wife. All efforts to bring about a reconciliation proved fruitless, and the parties have since lived apart from each other, the defendant contributing toward plaintiff's support the monthly sum of $——, up to the —— day of ——, 1917, and thereafter the sum of $—— per month up to the filing of the present action, since which time he has contributed nothing. Plaintiff has meanwhile occupied the residence property of the parties in Salina, and has appropriated to her own use the rents received from the lodgers occupying certain rooms in said house.

"8. By reason of plaintiff's being required to do work on the farm usually done by men and to work in the grocery store as aforesaid, there has been engendered a deep-seated dislike and antipathy on the part of plaintiff for defendant, and the ends of matrimony have been defeated ¦ and the parties can never again live together happily as husband and wife.

"9. Defendant is the owner at present of the aforesaid Rooks county farm. The value of said farm is about $9,000.00. There is an incumbrance of $1,500.00 on said farm. Defendant also owns a residence property in the city of Salina on Tenth street. This property is worth about $2,000.00 and is incumbered with a mortgage of $800.00. The personal property owned by defendant is worth little over and above the mortgage thereon."

On these findings of fact, the court made the following conclusions of law:

"1. Plaintiff is entitled to a divorce from the defendant on the ground of extreme cruelty.

"2. Plaintiff should be awarded by way of permanent alimony the Salina residence property, and the household furniture now in her possession, the defendant to be the owner in his own right free from any claim whatever on the part of plaintiff, of all other property owned by him at this time, both real and personal and wherever the same may be situate."

The plaintiff requested the court to make additional findings of fact, but that request was denied.

In *Miller v. Miller,* 97 Kan. 704, 156 Pac. 695, this court said:

"Before a judgment awarding alimony will be reversed it must appear by all the circumstances surrounding the parties to the action that the trial court abused its discretion in determining the amount." (syl.)

(See, also, *Danielson v. Danielson,* 99 Kan. 222, 161 Pac. 623, and *Corbett v. Corbett,* 101 Kan. 1, 4, 165 Pac. 498.)

After a careful examination of the transcript of the evidence, and after a careful consideration of all that has been said by the plaintiff, the court is compelled to say that it does not appear that the trial court abused its discretion in determining the amount of alimony to be given to the plaintiff. This

conclusion would not be changed even if the court had made the findings of fact requested by the plaintiff.

The defendant filed a cross appeal and has argued one proposition that appears to be meritorious, but the concluding paragraph of his brief is as follows:

"We therefore respectfully submit to the court that the decree for alimony should not be modified. If, however, the decree for alimony is set aside, we think that the entire decree, including that for divorce, should be set aside."

This statement by the defendant cannot be considered other than as a conditional abandonment of his appeal. The judgment for alimony is not reversed. The defendant, therefore, abandons his appeal, and the judgment is affirmed.