No. 23,876.

W. W. MILLER, *Appellee,* v. ALPHA E. MILLER, *Appellant.*

SYLLABUS BY THE COURT.

1. DIVORCE AND ALIMONY—*Divorce Granted—Appeal—No Notice of Intention to Appeal Filed Within Ten Days.* To obtain a review of a judgment granting a divorce there must be a compliance with section 7582 of the General Statutes of 1915, which provides, "A party desiring to appeal from a judgment granting a divorce must within ten days after the judgment is rendered file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment; and unless such notice is filed no appeal shall be had or taken in such cause."

2. SAME—*Statute Requiring Notice of Appeal to Be Filed Within Ten Days Constitutional.* Section 7582 of the General Statutes of 1915, quoted in paragraph 1 of the syllabus, is not unconstitutional as imposing an unreasonable limitation on the right to appeal.

3. SAME—*Title of Act Includes Provisions Governing Divorce and Alimony.* The title, "An act concerning the code of civil procedure," is broad enough to include the provisions of the act concerning divorce and alimony.

4. SAME—*Division of Property—Allowance for Alimony*. In an action for divorce where a division of property and alimony allowance has been made by the trial court on disputed testimony, the same will not be disturbed unless the record discloses that such division and allowance was manifestly unjust.

Appeal from Osborne district court; WILLIAM R. MITCHELL, judge. Opinion filed March 10, 1923. Affirmed.

*N. C. Else, J. F. Tillman,* both of Osborne, and *D. G. Robertson,* of Chicago, Ill., for the appellant.

*W. E. Mahin,* of Norton, and *H. McCaslin,* of Osborne, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:   The defendant appeals from a judgment granting a divorce to the plaintiff on the grounds of extreme cruelty and gross neglect of duty. The judgment was rendered May 16, 1921. The record is not clear as to the date on which notice of intention to appeal was filed. The abstract gives the date as August 17. Defendant's brief states June 25. Neither date was within the time prescribed by statute. Section 7582 of the General Statutes of 1915 provides, among other things, as follows:

"A party desiring to appeal from a judgment granting a divorce must within ten days after such judgment is rendered file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment; and unless such notice be filed no appeal shall be had or taken in such cause."

The defendant contends that, if this section is intended to limit the right of appeal to persons only who file a notice of intention to appeal within ten days from the actual rendition of the judgment, then the act is unconstitutional and void, in that it imposes an unreasonable limitation upon the right of appeal. Defendant's contention is not sound. Domestic difficulties of sufficient seriousness to find their way into court should be settled—put at rest—in the shortest reasonable time. The statute does not require that the appeal be perfected within ten days, but that notice of intention to appeal be filed. It is ample time for a party, defeated in a divorce action, to know whether he desires to appeal. The requirement deprives him of no substantial right.

Defendant also complains that the limitation of time in which to file a notice of intention to appeal is found under a subtitle, "Divorce and Alimony," in the code of civil procedure, and that the title to the act is not sufficiently broad. There is no merit in

defendant's contention. The words "Divorce and Alimony" are not part of the title but constitute a subhead. The title to the act is, "An Act concerning the code of civil procedure." The rule has been announced in many cases that section 16 of article 2 of the constitution is not to be construed in any narrow or technical spirit. It must be applied in a fair and reasonable way. It is sufficient if the title fairly indicates, in general terms, its scope and purposes. Provisions of our code covering divorce and alimony are properly found in the "Act concerning the code of civil procedure."

The notice of intention to appeal, not having been filed within the time prescribed by statute, and the court having no power to prescribe a longer period, we conclude that this court has no jurisdiction to review the question of divorce.

The defendant next complains of the division of property and allowance for alimony. As usual in such cases, there was conflicting testimony. Some showed that plaintiff's net income ran from $2,500 to $3,500 per year; that, at the time of the trial, he had property of the approximate value of $20,000 and debts amounting to about $8,800. It has been repeatedly held that disputed questions of fact, having been determined by the trial court, its decision is conclusive here. The trial court awarded defendant the house and lots where the parties resided, all the household furniture and fixtures belonging to the parties and located in the home, $1,000 in money, $100 for conducting her case, and $50 per month permanent alimony. We could not interfere with the trial court's division of the property unless prepared to say that such division was manifestly unjust. This we cannot determine from the record. Nor can we say that the alimony allowance was so unjust as to shock the conscience of the reviewing court. (See *Gibbs v. Gibbs*, 18 Kan. 419; *Scott v. King*, 96 Kan. 561, 152 Pac. 653; *Meador v. Manlove*, 97 Kan. 706, 156 Pac. 731; *Wagler v. Tobin*, 104 Kan. 211, 178 Pac. 751; *Riffe v. Walton*, 105 Kan. 227, 182 Pac. 640.)

The judgment is affirmed.