Wespe v. Wespe.

---

No. 24,112.

Earle F. Wespe, *Appellee*, v. Kitty P. Wespe, *Appellant*.

SYLLABUS BY THE COURT.

Divorce and Alimony—*Judgment Sustained.* A judgment granting a divorce to plaintiff was sustained by sufficient evidence, and the award of alimony and attorney fees to defendant was within the court's discretion.

Appeal from Scott district court; Roscoe H. Wilson, judge. Opinion filed July 7, 1923. Affirmed.

*H. O. Trinkle,* of Garden City, and *Leo T. Gibbens,* of Scott City, for the appellant.

*R. D. Armstrong,* of Scott City, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for divorce, on the ground of extreme cruelty and gross neglect of duty. A divorce was granted to plaintiff, and alimony and attorney fees were awarded to defendant. Both appeal.

Extreme cruelty was not established. In the case of *Smith v. Smith,* 22 Kan. 699, the court said:

"The expression, 'gross neglect of duty,' is indefinite, and it is difficult to lay down any general rule by which every case can be determined to be within or without its limits. Each case must be examined by itself.

"There must not only be a default, but the default must be attended with circumstances of indignity or aggravation." (pp. 700, 701.)

Accepting as true the testimony of plaintiff and his witnesses, there was not only default on the part of defendant, considering all the circumstances in which the parties were placed, but default attended by indignity and aggravation. Accepting as true the testimony for defendant, she was not only guiltless, but much sinned against. As this court has said many times, it cannot retry the case on the abstract. It does not possess the trial court's facilities for reaching a correct conclusion, and must assume that court strained neither the law nor the facts.

The same considerations apply to the award of alimony. Besides that, the district court has a broad discretion in allowing alimony, and that manifest injustice which is necessary to constitute abuse of discretion does not appear.

The court evidently believed it was necessary to make payment of the award to defendant fully secure. The means adopted—withholding final judgment until the order is obeyed—was probably the only means of protecting defendant, and this court is not prepared to say the order was improper.

The judgment of the district court is affirmed.