No. 24,847.

EDWARD B. TILLERY, *Appellee,* v. ELIZABETH TILLERY, *Appellant.*

SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY—*Division of Property—Judicial Discretion.* In an appeal from that portion of the decree dividing the property and awarding alimony in a divorce suit, the record is examined and held not to show an abuse of the discretion of the court.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed January 12, 1924. Affirmed.

*Charles O. Littick,* of Kansas City, for the appellant.

*William H. Thompson, Eldridge G. Wilson, Wilbert F. Thompson,* all of Kansas City, Mo., for the appellee.

6—115 KAN.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order dividing property and allowing alimony in a divorce suit. Edward B. Tillery sued his wife, Elizabeth Tillery, for a divorce. She filed an answer and cross petition seeking divorce and alimony. Upon the trial the court granted a divorce to the defendant. There has been no appeal from that portion of the decree. As to the property, the evidence shows that the parties have a residence property worth $2,300, which had been bought for that sum upon a contract, to be paid for in monthly installments, on which contract $1,000 had been paid; also had household goods estimated by plaintiff to be of the value of $1,300 to $1,500, and by the defendant to be of the value of $900. This property had been accumulated by their joint efforts during their marriage. Most of that time plaintiff had been employed at about $45 to $50 per month, but had drawn a larger salary for the last two or three years, and at the time of the trial his salary was $127.50 per month. Defendant had worked much of the time during their marriage, mostly at hair dressing, her earnings amounting to from $10 to $20 per week. The court gave to the defendant all of the household goods, required the plaintiff to pay to her $250 in cash and also to pay the costs of the action, including a fee of $65 for defendant's attorney. Defendant has appealed from this portion of the decree and contends that the award to her is inadequate. Much is said in appellant's brief about a judgment in favor of plaintiff for $1,095 against the Elizabeth Anderson estate. The administrator of that estate testified $190 had been paid on that judgment and that no more could be paid, as the funds in the estate were exhausted. It is evident the trial court regarded the unpaid portion of this judgment as of no value.

Our statute (Gen. Stat. 1915, § 7581; R. S. 60-1511) properly places in the trial court much discretion in the division of property and in the allowance of alimony in a divorce suit. This court will not interfere with a judgment of the trial court unless it is clear that the trial court has failed to follow some positive rule of law relating to the matter, or unless the judgment rendered is so at variance with a just division or award that this court can say from the record that there was an abuse of the judicial discretion of the court. (See *Miller v. Miller*, 97 Kan. 704, 156 Pac. 695; *Corbett v. Corbett*, 101 Kan. 1, 165 Pac. 815; *Deeds v. Deeds*, 108 Kan. 770, 196 Pac. 1109, and cases there cited.)

Here the trial court was justified in treating the property as the joint accumulation of the labors of the parties. He found the husband at fault and granted a divorce to the wife. He gave her the household goods, worth $900 if we count the lowest value placed upon them by any witness, and $250 to be paid by plaintiff, making the value of the property set off to her $1,150. He gave plaintiff the $1,000 equity in the residence, but, by requiring him to pay the defendant $250 and to pay all costs and attorneys' fees, the value of this was reduced to about $600. So the division made by the trial court gave to the wife property approximately double the value of the property set off to the husband. We cannot say this was such an abuse of discretion against the wife that it should be set aside.

The judgment is affirmed.