No. 26,799.

LULITA HIPPLE, *Appellant*, v. FLOYD HIPPLE, *Appellee*.

SYLLABUS BY THE COURT.

1. DIVORCE—*Setting Aside Judgment—Misconduct of Counsel—Arbitrary Action of Judge—Evidence*. In a motion by plaintiff to set aside a judgment rendered in a divorce proceeding from which no appeal had been taken and the time for appeal had passed, one ground of the motion was the disloyalty and misconduct of counsel for plaintiff and the prejudice and arbitrary action of the trial judge; it is held that the evidence did not sustain the charges relied on.

2. SAME—*Alimony—Setting Aside Award—Abuse of Discretion*. An award of alimony was made for the plaintiff, and the validity of the judgment was challenged on the ground that the amount awarded was grossly insufficient. Upon the testimony it is held that the judgment cannot be set aside on the ground that it was such an abuse of the discretion vested in the court as to render the judgment void.

3. SAME—*Alimony—Provision for Children—Authority to Transfer Property and Create Trust—Who May Challenge Validity*. The court in providing for the maintenance of children decreed that a certain house owned by their father should be set aside and held in trust as a home, and for the benefit of the minor children, and that plaintiff might reside in the home with them as long as she remained single; and made the further provision that if the father outlived the children the home should revert to him, and if they outlived him the home should pass to the children absolutely. It is held the court was without power to transfer the property and create a trust for the permanent benefit of the children, and this provision is one which the father might have set aside, but as he makes no complaint the plaintiff is not in a position to complain for him and has no right to challenge its validity in that respect.

4. SAME—*Setting Aside Judgment—Hearing Within Sixty Days of Filing Petition—Cross Petition*. The judgment cannot be set aside on the ground that it was rendered in violation of the statute, which among other things provides that no hearings shall be had in a divorce suit within sixty days of the filing of the petition unless an order declaring an emergency is entered of record (R. S. 60-1517), although the plaintiff only asks for alimony in the first instance, but amended her petition asking for a divorce on the day of trial; the defendant in his answer and cross petition, filed more than sixty days before the trial, asked for a dissolution of the marriage relation.

Divorce, 19 C. J. pp. 147 n. 84, 167 n. 43, 172 n. 1, 175 n. 64, 189 n. 74, 249 n. 43, 264 n. 58, 267 n. 84, 356 n. 32, 358 n. 55.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed July 10, 1926. Affirmed.

*Frank L. Martin, James N. Farley* and *Carr W. Taylor*, all of Hutchinson, for the appellant.

*C. M. Williams* and *D. C. Martindell*, both of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Lulita Hipple brought this proceeding to vacate and modify a judgment that had been rendered divorcing her from her husband, giving her the custody of three minor children, setting aside and placing in trust property of the defendant for the plaintiff and the children by providing that it should be held in trust for the children; that plaintiff should reside thereon as long as she remained single, and that if the children died before the death of defendant the property would revert to him, but if he died first then the property should go to the children absolutely. It was also decreed that defendant should pay to plaintiff as alimony $150 per month, and also pay to her for the support of the children $100 per month. Jurisdiction of the case was retained by the court for the purpose of modifying the judgment as to alimony and allowances for the support of the children. The decree was entered June 29, 1925, and on August 25 plaintiff filed a motion alleging that the terms of the decree were unjust towards her; that she had been led to believe by her attorneys that more liberal allowances of alimony would be awarded; that she informed her attorneys that she did not desire a divorce, but was led to believe that if she did not obtain a divorce one would be awarded to defendant; she also alleged that when the case came up for trial, which was very brief, attorneys gave her no advice or information; that they filed no motion for a new trial and did not have a record made of the testimony taken at the trial. It appears that considerable negotiations were made between the parties with a view of settling the controversy out of court. A referee was finally appointed who took testimony concerning the property which the defendant possessed, and made his report to the court. Depositions had been taken of witnesses to substantiate the grounds of action set out in plaintiff's petition, and these were on file. The petition as originally filed asked for alimony, but did not pray for a divorce. In the defendant's answer and cross petition, he asked for a divorce, and his counsel informed plaintiff's attorneys that if the case went to trial they intended to

amend their cross petition, setting up additional derelictions as grounds for divorce. Plaintiff's attorneys then suggested that they thought of amending her petition and pray for a divorce from defendant, and defendant stated that if that were done they would not oppose the divorce to her, and would not file an amended cross petition setting up additional grounds, as they might bring reproach upon the children. One of her attorneys testified that the proposition made for settlement was shown to plaintiff and she told them that she would go to trail in the case and would ask for a divorce on the merits. The petition had not yet been amended, whereupon her counsel took the petition and amended it by praying for a divorce, and she consented that the petition should be so amended. At the trial the depositions that had been taken were read in evidence, and the report of the referee was submitted to the court, after which the decree was rendered. Testimony was taken on the motion to vacate the judgment, and at the conclusion the motion was denied.

Plaintiff contends that the action of the court in the trial for divorce betrayed an attitude of prejudice against her; that attorneys did not fairly represent her; that the amount of property owned by the defendant was not fairly presented to the court, and that she consented to ask for a divorce because of statements by the court to the effect that a divorce would be granted to her husband if she did not amend her petition and ask for one.

Three principal claims are made by plaintiff: First, that the decree is void because it was given upon an agreement of attorneys to which she was forced to consent; second, that that portion of the decree granting the home to the children on a certain contingency rendered the judgment absolutely void; and third, that it is void because sixty days did not intervene between her prayer for divorce and the time of the trial. It may be observed that no appeal was taken from the judgment. Under the statute a judgment for divorce is final unless a written notice of appeal is filed within ten days after the judgment is entered and a proceeding on appeal is commenced within four months after the date of the decree. (R. S. 60-1512.) No notice of an intention to appeal was filed nor was any proceeding in appeal ever commenced. The judgment therefore became a finality and plaintiff's motion is necessarily a collateral attack upon it. From the testimony we are unable to say that there was any fraud in procuring the plaintiff's consent to an amendment asking for a divorce, nor can it be held that her consent was coerced

by the trial judge. It is true that she brought the action for alimony only and did not ask for a divorce, and had said a number of times that she did not desire a divorce. She made it plain that she was chiefly concerned about the amount of alimony that might be awarded to her. There were a number of conferences between the representatives of the parties with a view of making a settlement of property rights and alimony out of court, but, although the settlement was nearly effected and was one which her counsel thought should be accepted, she finally determined that the case should go to trial on the merits.

The claim that her attorneys failed to properly present her case or to protect her interests was not proved. The testimony as to claimed disloyalty to her or lack of attention and skill is not convincing, and it cannot be held that the attitude of the court towards her was prejudicial or that she was in any sense coerced to ask for a divorce as well as alimony. The amendment was made with her consent in open court, and the case was tried upon the pleadings so amended.

The allowance of alimony cannot be held to be unreasonable. The awarding of alimony is largely in the discretion of the trial court. Much testimony was taken by a referee as to the property owned by defendant as well as to an amount that he would finally receive from his father's estate, and a report of the evidence and findings was made. It was shown that the defendant was receiving an annual salary of $5,000, and had previously acquired and deposited as high as $8,000 a year. His inheritance from his father's estate was $13,-428.25, and this had not yet been distributed. He had a home valued at $10,000 upon which there was a mortgage of $6,000. The indebtedness against him was approximately $9,000. The court awarded as alimony $150 a month to plaintiff and $100 per month for the children, amounting to $3,000 per year. The $10,000 home was set aside for the benefit of the children and herself, it being decreed that she was to occupy it as long as she remained a single woman, and defendant was required not only to pay the mortgage on it but also to pay the taxes and insurance. In view of defendant's resources and the award made, we cannot say that there was an abuse of that discretion which the law vests in the court in the matter of fixing the amount of alimony. Even upon an appeal the rule is that:

"Before a judgment awarding alimony will be reversed, it must appear by all the circumstances surrounding the parties to the action that the trial court abused its discretion in determining the amount." (*Swalp v. Swalp*, 104 Kan.

171, 173, 178 Pac. 415. See, also, *Francis v. Francis,* 108 Kan. 220, 194 Pac. 641; *Miller v. Miller,* 113 Kan. 22, 213 Pac. 634; *Wespe v. Wespe,* 114 Kan. 21, 216 Pac. 814; *Tillery v. Tillery,* 115 Kan. 81, 222 Pac. 100.)

Much less can it be said that the award was so manifestly unjust and such an abuse of discretion as to render the judgment void when attacked in this collateral way.

Another ground of attack is that the court decreed that the home property should be set apart and held in trust for the benefit of the minor children, the plaintiff to reside with them so long as she was single. The questioned provision is that if the children should die before their father, the property should revert to him, but if he should die first the property should pass to the children absolutely. It is urged that in this action the court was without authority to give the property of the father to the children. While the court had power to provide for the protection and maintenance of the children during their minority, it had no power to transfer the property of the father to the children and thus create an estate for the permanent benefit of the children. (*Emery v. Emery,* 104 Kan. 679, 180 Pac. 451.) That part of the provision for the children is one of which the defendant might complain, but he is not making any complaint. The decree has settled the amount of alimony to which the plaintiff is entitled, and as we have seen, that provision is final and binding upon her. She is not in a position to complain for the defendant or insist that too generous a provision has been made out of defendant's property for the children. It will be time enough to consider and determine the validity of the provision when it is challenged by the father. If the provision vesting the realty in the children should ever be annulled on the application of a party having the right to challenge its validity, it would not defeat that part of the decree providing for the maintenance of the children nor would it operate to defeat the other parts of the decree.

A further contention is that the trial which was had less than sixty days after the amendment of the petition, in which plaintiff prayed for a divorce, was a violation of the statute, and that this operates to avoid the decree. The statute referred to is that:

"No hearing shall be had in a divorce suit until at least sixty days after the filing of the petition, unless the court shall enter upon the records an order declaring an emergency, the precise nature of which shall be specifically stated in such order, together with the substance of the evidence upon which it was based, and the names of the witnesses who gave such evidence." (R. S. 60-1517.)

This provision is manifestly intended to prevent hasty and ill-considered separations upon the theory that time for reflection as to marital differences may bring about amicable adjustments and a reconciliation. It is the policy of the law to foster and protect the marriage relation and encourage parties to live together. There is the further consideration that time shall be given to a defendant to give attention to the grounds of divorce alleged and an opportunity to prepare an answer to the charges made, and also to give the court an opportunity to ascertain whether or not there is collusion or fraud of the parties in seeking a dissolution of the relation. Without determining whether a trial of the case, and the entering of the decree earlier than the time limit of the statute without declaring an emergency, would render the decree void, we are of the opinion that the purpose of the statute was accomplished in the present case. In the first place the grounds for a separation and for a divorce were fully stated in the petition of plaintiff upon which she asked alimony, and these showed that there had been cruelty, abandonment and separation, and a refusal of reconciliation. That petition was filed more than seven months prior to the trial. On the other hand, defendant filed an answer and cross petition more than six months before the trial, in which a divorce was requested upon grounds that were stated, and an allegation that married life with plaintiff had become unendurable. It thus appears that the matter of separation and divorce was made a matter of record in the court much longer than the sixty days, and certainly was made a matter of record upon the filing of the cross petition, which was months before the time named in the statute. It therefore appears that the plaintiff had abundant time to take any necessary steps for the protection of her rights, and that there was also time for reconciliation if it had been within the bounds of expectation. The judge, however, stated that after all the evidence had been received he became convinced that the parties could never agree and should be divorced. It is clear that the purposes of the statute have been substantially fulfilled, that the judgment is not rendered void by a premature trial, and upon the whole matter it must be held that the denial of plaintiff's motion to set aside the judgment was not error.

The judgment is affirmed.