Rasmussen v. Rasmussen.

---

No. 27,628.

H. P. Rasmussen, *Appellant*, v. Helen G. Rasmussen, *Appellee.*

(260 Pac. 618.)

SYLLABUS BY THE COURT.

Divorce—*Alimony and Allowances—Judicial Discretion.* The record pertaining to a consolidation of two actions between a husband and wife, one for a partnership accounting and another for a divorce, considered, and no abuse of judicial discretion discerned in the trial court's division of property between the litigants.

Appeal from Reno district court; William G. Fairchild, judge. Opinion filed November 5, 1927. Affirmed.

*Roy C. Davis* and *Herbert E. Ramsay,* both of Hutchinson, for the appellant.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment in two lawsuits between husband and wife, one by the wife for a partnership accounting, and the other by the husband for a divorce.

On August 25, 1926, the wife, Helen G. Rasmussen, filed an action against her husband, H. P. Rasmussen, alleging that he and she were partners in a business conducted under the name of the Hutchinson Tent and Awning Company, and that defendant had put her out of the business, refusing to let her have anything to do with it. She prayed for an accounting. The husband countered with an action against the wife for a divorce. His petition comprehensively covered the business relationship of the wrangling pair, but scarcely hinted at any of the statutory grounds on which a divorce may be granted.

Actions, 1 C. J. p. 1129 n. 76, n. 85. Divorce, 19 C. J. pp. 249 n. 43, 254 n. 21, 255 n. 33, 256 n. 42, 259 n. 80, 329 n. 72.

The prayer of his petition was that Mrs. Rasmussen be enjoined from interfering with the tent and awning business or disposing of the business property or incurring obligations in regard thereto,—and for a divorce.

Answers were filed, but the issues were really developed by the divergent claims of the litigants in their respective petitions. The cases were consolidated and tried by the court, and informal findings were made and·incorporated in one judgment. The court found that a partnership of the husband and wife did exist, but that the extent of the wife's interest therein could not be determined. A divorce was granted to the husband and certain property and money were decreed to the wife as alimony.

The husband appeals, with a formal specification of errors which in his brief are thus summarized:

"Our principal contentions . . . are twofold. The first is, that for some reason the trial court apparently formed an opinion at the outset of the case, surprisingly favorable to the appellee, which made it extremely difficult for us in the presentation of the evidence, . . . and which resulted, as we contend, in a decree dividing this appellant's property to an entirely unreasonable extent; the second is; that the court erred upon a proposition of law, with the result that the appellant had, by the terms of the judgment or decree, a much larger part of his accumulations taken from him and given to the appellee, than would have been the case, had the court applied what we contend to be the correct legal principles."

Touching the first of these contentions, the record does not disclose anything which would form a basis for appellate review. (*State v. Robinson,* 124 Kan. 245, syl. ¶ 9, 259 Pac. 691.)

Concerning the second contention, it is argued that the evidence did not show a partnership relationship between husband and wife. There was testimony to establish that fact—that of the wife, of her father and her brother, all of whom testified concerning express statements and admissions of the·husband to that effect. Doubtless counsel for appellant gave no credence to that testimony, but the trial court did; and apparently withheld judgment in the woman's behalf in the partnership accounting case solely because of a lack of evidence touching the *extent* of that interest. Be that as it may, the finding of a partnership gives appellant no ground of complaint, since the judgment which aggrieves him was not predicated thereon. What really irks him is the alimony allowed in the divorce action; but under hackneyed rules of appellate review it is only where the

trial court manifestly abuses its discretion that its award of alimony in divorce proceedings can be disturbed. In *Danielson v. Danielson,* 99 Kan. 222, 226, 161 Pac. 623, a divorce case where appellant's grievance was the division of property, this court said:

"Some of the things to be considered, in addition to those specified in the statute, are the age, health, earning capacity and future prospects of each party. The question here is not simply whether or not the district court was too liberal in its allowance to the defendant, but whether or not the division was so manifestly inequitable and unjust that this court should interfere."

To the same effect were *Miller v. Miller,* 97 Kan. 704, 156 Pac. 695 and citations; *Corbett v. Corbett,* 101 Kan. 1, 4, 165 Pac. 498; *Swalp v. Swalp,* 104 Kan. 171, 178 Pac. 415; *Miller v. Miller,* 113 Kan. 22, 213 Pac. 634.

It certainly cannot be declared that abuse of discretion is manifest in this case. During the existence of the marriage relation, when the wife was virtually the manager of the business, it had grown and prospered remarkably, notwithstanding the husband and wife drew from the business something like $3,000 each per annum for their respective personal expenses and private concerns. In the division of property this highly lucrative business, worth $20,000 and with no debts to speak of, was set apart to the husband, subject only to a lien for the wife's allowance of alimony, $5,000. The award of the diamond, the automobile, and some household goods to the wife was the obvious and natural disposition of those chattels under the circumstances. Nothing savoring of unfairness is disclosed in the division of the real estate between the litigants. We note an argument in appellant's brief which suggests that this court should disregard the judgment of the trial court and try the case anew. He says:

"May we urge this honorable court to take charge of this controversy at this stage, and enter an order which will be a final determination; or if that request does not appear consistent, then to make a rule applicable to this particular case, governing the disposition of same, so as to make the disposition thereof one of mathematical computation."

Neither of these suggestions can be adopted. In *Upton v. Pendry,* 110 Kan. 191, 203 Pac. 300, it was said:

"This court is not trying this lawsuit; its jurisdiction is limited to a review of errors alleged to have been made by the district court which did try this lawsuit."

In *Wespe v. Wespe,* 114 Kan. 21, 216 Pac. 814, it was said:

"As this court has said many times, it cannot retry the case on the abstract. It does not possess the trial court's facilities for reaching a correct conclusion, and must assume that court strained neither the law nor the facts. The same considerations apply to the award of alimony. Besides that, the district court has a broad discretion in allowing alimony, and that manifest injustice which is necessary to constitute abuse of discretion does not appear." (p. 22.)

Some miscellaneous motions have been filed in this case, but in view of the main conclusions here reached they need not be considered.

The record discloses no error, and the judgment is affirmed.