No. 30,659.

WILLIAM R. HENDRICKS, *Appellant*, v. DORA E. HENDRICKS, *Appellee*.

(12 P. 2d 804.)

Opinion filed July 9, 1932.

*F. F. Perry,* of Kiowa, and *H. E. Walter,* of Kingman, for the appellant.

*J. N. Tincher,* of Hutchinson, and *Riley W. MacGregor,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This was an action for divorce. A divorce was granted to the husband and a judgment rendered against him for alimony, from which he appeals.

The parties were married October 9, 1901, and lived together as husband and wife until 1931. Six children were born to this union, the youngest of which was past sixteen years of age at the time this action was commenced. The petition charged that the wife was guilty of extreme cruelty and gross neglect of duty toward the husband. The wife answered, denying the allegations of the petition. The court, on a trial of the case, found in favor of the husband and against the wife, and that a divorce should be granted the husband on account of the fault and aggression of the wife, and entered judgment accordingly.

The only evidence relating to the property rights of the parties in the record before us is that of the husband, which was to the effect that about 1916 he purchased a house and three lots in the town of Kiowa on which, at the time of the trial, was a mortgage of about $1,300; that prior to 1927 they owned a farm which was sold for $13,500, and after paying the mortgage on the farm and other indebtedness they had left $1,300; that a part of this money was used in the purchase of a Ford car with which to carry the mail; that the husband was a mail carrier and received a salary from the government of $300 a month, and that it required about $100 of this

amount to pay the expenses incident to the carrying of the mail. The court on this testimony made the following finding:

". . . And the court further finds that as to the feature of property rights and alimony in the said action that the defendant should be decreed to have the real estate heretofore occupied by the plaintiff and defendant in the city of Kiowa, . . . which is all the real estate owned by the plaintiff and the defendant or either of them, at the time of the trial, as her sole and separate property, and also, all the household goods and furniture belonging to the plaintiff and the defendant or either of them, which shall be the property of the defendant.. And it is further found by the court that the defendant be awarded alimony against the plaintiff in the gross sum of $3,960, payable to the said defendant in equal monthly installments of $46 per month until the said payments so paid shall equal the said gross sum of $3,960, which said gross sum and payments shall be paid by the plaintiff from his future earnings and accumulations, from whatever source the same may come into his hands."

The court entered judgment in accordance with the findings, which judgment, among other things, contains the following:

"And it is hereby adjudged and the defendant is decreed as alimony the gross sum of $3,960, which shall be paid to her by the plaintiff in equal monthly installments of $46 each month until the entire gross sum of $3,960 is paid in full."

The appellant contends that since the divorce was granted to the husband by reason of the fault and aggression of the wife the court did not have the power to decree alimony to the wife.

The power to grant a divorce is statutory and does not come through the common law. (19 C. J. 23.) The doctrine of alimony is based upon the common-law obligation of the husband to support the wife, which is not removed by his misconduct. The right of the courts, however, to grant alimony is statutory, and the general rule is that courts of equity have no power to decree permanent alimony in the absence of statutory authority. (19 C. J. 204.) In view of these settled principles the makers of the constitution of this state vested in the district court the power to grant divorces, subject to regulation by law. (Const. art. 2, § 18.) This section has been construed to include the power to determine and adjudicate all of the rights incident to the marriage relation, including the custody of children, property rights and alimony, subject nevertheless to such regulation as may be prescribed by law. (*Conway v. Conway,* 130 Kan. 848, 850, 288 Pac. 566.) The legislature, pursuant to the terms of the constitution, prescribed rules for dividing property and awarding alimony and a procedure to be followed by the courts in granting relief for the causes named, and the court is bound thereby.

The division of property is an essentially different thing from the awarding of alimony.

"The distinction between an allowance of alimony and a division of property is discussed at length and clearly recognized in the case of *Bacon v. Bacon,* 43 Wis. 197. In 2 Am. & Eng. Encyc. Law 92, alimony is thus defined: 'Alimony is an allowance, which, by order of court, the husband, or former husband, is compelled to pay to his wife, or former wife, from whom he has been legally separated or divorced, for her support and maintenance.' " (*Johnson v. Johnson,* 57 Kan. 343, 348, 46 Pac. 700; *Stoner v. Stoner,* 134 Kan. 356, 359, 5 P. 2d 847.)

It is provided by statute that where a divorce is granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and all property owned by her prior to or acquired subsequent to the marriage shall be set apart to her, and the court shall allow such alimony as it shall think reasonable, having due regard for the property owned by the husband and his earning capacity. (R. S. 60-1511; *Nixon v. Nixon,* 106 Kan. 510, 189 Pac. 160.) On the other hand, if the divorce is granted by reason of the fault or aggression of the wife, the court shall order restored to her the whole of her property and such share of her husband's real and personal property as may be just and reasonable, and may make such division between the parties of the property acquired by them jointly during coverture as may appear just and reasonable, by a division in kind, or by setting the same apart to one party, and requiring the other to pay such sum as may be just and proper. (R. S. 60-1511.)

It clearly appears from the statute that the right to alimony depends on behavior. If the wife is at fault the court cannot require the husband to pay alimony. If the husband is the aggressor the court shall allow such alimony to the wife as it may think reasonable. The faithful performance of the marriage obligation on the part of the wife entitles her to alimony. Faithful performance of the marriage obligation on the part of the husband exempts him from the payment of alimony. The power of the court to compel the payment of alimony is determined by the past conduct of the parties to the marriage.

The legislature intended that the trial court should have a wide discretion in adjusting property rights in divorce proceedings, and this court has repeatedly held that it will not interfere with the division or adjustment made by the trial court unless it is clear that the trial court has violated some positive rule of law, or the

judgment rendered is so at variance with a just division or award that this court can say from the record that there was an abuse of the discretion of the court. (*Johnson v. Johnson,* 66 Kan. 546, 72 Pac. 267; *Putman v. Putman,* 104 Kan. 47, 177 Pac. 838; *Tillery v. Tillery,* 115 Kan. 81, 222 Pac. 100.) This court, however, has not hesitated to reverse the decision of the lower court where it has failed to follow the definite rules prescribed by the legislature. It is definitely established that permanent alimony, when permitted under the statute, must be definitely fixed. The judgment is a final determination of the rights of the parties and not subject to future revision by the court. (*Conway v. Conway,* supra.) Apparently there has developed a practice in the trial courts, as well as in this court, to use interchangeably the terms "alimony" and "division of property," which has in some instances led to confusion. The appellee cites the case of *Metcalf v. Metcalf,* 132 Kan. 535, 296 Pac. 353, in which it was said:

"Where a divorce is granted by reason of the fault or aggression of the wife, the court, . . . must grant her as alimony such share of her husband's property as to the court may appear just and reasonable, . . ." (Syl. ¶ 3.)

This was a misuse of the term "alimony" as it is generally recognized and defined by this court. (*Johnson v. Johnson,* supra.)

The will of the legislature as expressed in the statute must be followed. The district court does not have the power to grant permanent alimony to the wife where the divorce is granted by reason of her fault or aggression. Under such circumstances the court may only deal with property rights, restoring to the wife the property owned by her at the time of the marriage or subsequently acquired, and not previously disposed of, and award to her such share of the husband's property as may appear just and reasonable, and divide between them, either in kind or value, the property jointly acquired during coverture, whether the title thereto be in either or both. The adjustment of these matters is within the sound discretion of the court.

It necessarily follows that the court erred in attempting to grant the wife permanent alimony in this case. The value of the property, by whom or how it was acquired, is now shown in the record. The court is of the opinion that rather than render a final judgment here, the ends of justice will be best served by reversing the case and granting a new trial on the issue of the property rights.

It is so ordered.