No. 36,316

BABE PROSSER, an Incompetent Person, by Her Natural Guardian and Next Friend, Ona Prosser, *Appellee*, v. JOHN FREDERICK PROSSER, *Appellant*.

(157 P. 2d 544)

Opinion filed April 7, 1945.

*L. M. Kagey*, of Wichita, argued the cause, and *Carl O. Bauman*, of Wichita, was on the briefs for the appellant.

*Earl C. Moore*, of Wichita, argued the cause, and *Robert C. Foulston, George Siefkin, Samuel E. Bartlett, George B. Powers, C. H. Morris, Grover Pierpont* and *Lester Wilkinson*, all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action in the name of an incompetent person brought by her mother as natural guardian and next friend to compel her father to contribute to her support. The trial court overruled the demurrer of defendant to the petition. The defendant has appealed.

The petition alleged that the plaintiff was twenty-two years old at the time the action was brought; that she was the daughter of John Frederick Prosser and Ona Prosser; was mentally incompetent and unable to manage her person and estate; that no guardian had been appointed for her and she was bringing the action by her mother as guardian and next friend; that about the time she reached the age of seven years she ceased to develop mentally and since that time had suffered mental disability; that she was unable to care for herself and had no property. The petition further alleged that she was physically incapacitated in that she did not have full use of the left side of her body; that she was deaf in one ear and

partially deaf in the other and blind in one eye and had only partial vision in the other; that this condition had not resulted from any accident; that it had been with her through childhood and was growing worse from year to year; that she was unable to perform manual labor or other work and had no means of support and that she was in destitute circumstances except for the help she obtained from her mother; that her mother and father were divorced years ago and the defendant, her father, rendered her financial support until she became twenty-one years of age, after which time he ceased to render her any help; that her mother was rendering her financial aid and was willing to give her care and attention but was not able to furnish the necessities of life; that she was not a person who should be confined in a state institution and there was no necessity for such confinement, but that support from the father and the care her mother would give her would be sufficient to provide for her, and if she did not get sufficient support she would become a public charge; that her father had a position of importance, and the ability to make reasonable provision for her support; that the court exercising its statutory and equitable powers should require the defendant to make a reasonable contribution to her support; that she had no adequate remedy at law; that she was without funds with which to pay costs or attorney's fees in this action. The prayer was as follows:

"WHEREFORE, plaintiff asks judgment against the defendant for a reasonable amount in monthly payments for her support and maintenance; for temporary support money during the pendency of this action, for attorneys' fees; and the costs of this action; and for such other and further relief as to the court may seem equitable and just."

The defendant demurred to this petition on the ground that the court had no jurisdiction over the defendant or the subject of the action; that the plaintiff had no legal ability to sue and that the petition did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant. The court overruled this demurrer. Hence this appeal.

Defendant first argues he is not liable for support of the plaintiff after she reached her majority. In this connection he cites and relies on *Emery v. Emery*, 104 Kan. 679, 180 Pac. 451; *Hipple v. Hipple*, 121 Kan. 495, 247 Pac. 650, and *Noonan v. Noonan*, 127 Kan. 287, 273 Pac. 409. These are all cases where in a divorce action the trial court had entered judgment, the effect of which would have been to require the defendant husband to continue payments for the

benefit of children after the children became of age. In consideration of that question we examined the statute which conferred authority on district courts to make orders for support of children in divorce actions and held that the statute only gave the court authority to order such payments while the children were under age. It is true that we said in *Hipple v. Hipple,* supra, that while the court had power to provide for the maintenance and protection of the children it had no power to transfer the property of the father to the children and thus create an estate for the permanent benefit of the children. In *Emery v. Emery,* supra, it was said:

"This clearly means that provision shall be made for the support and education of the children until they shall become of full age. It does not contemplate the creation of a fund for their maintenance after attaining majority, their parents being then under no legal obligation to care for them." (p. 681.)

It is clear, however, in making those statements the court was considering its authority under what is now G. S. 1935, 60-1511. This action was not brought under such a statute. It was brought to enforce the common law duty of a parent to provide for the support and maintenance of his children. It is a generally accepted rule that where a child on becoming of age is in such a feeble and dependent condition physically or mentally as to be unable to support himself the parental obligations and duties toward such a child remain unchanged. See 46 C. J. 1269, 39 Am. Jur. 645, 710.

The latest statement by this court on the subject is contained in *Sheneman v. Manring,* 152 Kan. 780, 107 P. 2d 741. That was a case where, under guardianship, an incompetent father had an estate. His only child and prospective heir was an indigent daughter who was of age and on public relief. The probate court had ordered the guardian of the father's estate to pay money from the income of the estate for the support of the daughter. The guardian had appealed and one of the grounds of appeal was that the father was not liable for the support of a daughter after she became of age. The court considered that question and then said:

"Quite true, but many years ago this state, by constitutional mandate and by statutory enactments, began to foresake the hard rules of the common law governing domestic relations and to substitute the more humane rules of the civil law in respect to such matters—the personal and property relations of husband and wife, of parent and child, and the transfer or devolution of their property. Consider also the statute of 1907 (G. S. 1935, 39-233), which in lunacy cases declared that parents are liable for the support of their incompetent chil-

dren and that children are liable for the support of their incompetent parents." (p. 781.)

This statement disposes very well of the contention of the defendant in this case that there is no liability on him to support his incompetent child after she becomes of age.

Defendant next argues that the probate court has exclusive jurisdiction of this matter. The basis of that argument is that the only recourse the daughter has is to be declared incompetent and treated as a ward of the probate court. The action is brought pursuant to G. S. 1935, 60-401. That section provides as follows:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 27 (60-403) . . ."

The real party in interest in this case is the incompetent daughter.

In *Talbot v. Wulf*, 122 Kan. 1, 251 Pac. 438, we held that an action for the benefit of an incompetent person could be brought by her next friend for the benefit of such incompetent person. To that rule we still adhere. See *Atkinson v. Wichita Gas Co.*, 136 Kan. 854, 18 P. 2d 127.

The petition in this case alleges that the plaintiff's mental development was arrested at the age of seven and she was incompetent to manage her own affairs and unable to provide for herself. Under such circumstances we hold that the action against her father is properly brought in the district court in the name of the daughter by her mother as natural guardian and next friend.

The judgment of the trial court is affirmed.