No. 37,891

DORADEEN PERRY, an incompetent, by ALVA B. PERRY, Her Father and Next Friend, *Appellee,* v. THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellant.*

(219 P. 2d 659)

Opinion filed June 10, 1950.

*Alfred J. Anderson,* of Iola, argued the cause, and *Stanley Taylor,* Assistant Attorney General, *W. H. Vernon,* of Larned, *Riley W. MacGregor,* of Medicine

Lodge, and *Harold Steinrauf,* of Topeka, were with him on the briefs for appellant.

*John A. Etling,* of Kinsley, argued the cause, and *W. N. Beezley,* of Kinsley, *Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, were with him on the briefs for appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal by defendant, State Highway Commission, from an order overruling its demurrer to the amended petition in an action to recover damages for personal injuries alleged to have been sustained as a result of a defective condition in a state highway.

The demurrer was based on two grounds:

"(1) That the plaintiff has no legal capacity to sue or maintain this action;

"(2) That the petition of the plaintiff filed herein does not state facts sufficient to constitute a cause of action in favor of the plaintiff against the defendant herein."

The amended petition alleges:

"Comes now Doradeen Perry, an incompetent, plaintiff above named, by Alva B. Berry, her father and next friend, and for her cause of action against the above-named defendant, alleges and says:

"1. That as a result of injuries sustained as hereinafter alleged, the said Doradeen Perry, plaintiff herein, is incompetent and incapable of managing her affairs; that the incompetency of the said Doradeen Perry has not been adjudged and no legal guardian for her has been appointed; that Alva B. Perry is the father and next friend of the said Doradeen Perry and as such brings this action for and on behalf of the said Doradeen Perry, and for her benefit.

. . . . . . . . . . . . . .

" . . . and plaintiff has been rendered a mental incompetent, and totally incapacitated physically; that said injuries and the resulting afflictions are permanent and said plaintiff will require constant and continuous medical and nursing care for the rest of her life."

Defendant Commission contends that this action, being brought under and by virtue of the provisions of G. S. 1935, 68-419, is strictly a statutory proceeding; that the express provisions of the statute cannot be enlarged or diminished; that only those persons enumerated therein can maintain such an action, and that it does not contemplate an action being brought by a "next friend."

The pertinent portions of the statute are:

"Any person who shall without contributing negligence on his part sustain damage by reason of any . . . defect in a state highway, . . . may recover such damages from the state of Kansas; . . ."

Counsel for defendant Commission have furnished us with an extensive brief in which are cited many cases dealing with remedies created by statute, the distinction between common law remedies and those of statutory origin, and the strict construction to be given the latter. No good purpose would be served by taking up and discussing them in detail. All have been examined and we concede the rules therein announced to be the law under the facts and circumstances of the particular cases to which they are applied.

But the question before us is whether a person in the status of the injured party here, as alleged in the amended petition, can maintain this action by her "next friend."

We believe that counsel for defendant Commission have failed to differentiate between *remedy* and *procedure*. It is true that the right of action, that is, the remedy in this case, exists solely by reason of the statute (G. S. 1935, 68-419). It simply gives a right of action under stated conditions, but nowhere in it do we find that it attempts to make any change in the well-established procedure in this state or prescribe a separate procedure in actions of this kind. Apparently this precise question has never previously been before this court. However, our reports are not wanting in authority on the general proposition of one bringing an action by his "next friend". In the case of *Talbot v. Wulf*, 122 Kan. 1, 251 Pac. 438, the action was one to recover shares of stock and was commenced by C. W. Talbot by his next friend, Mrs. C. W. Talbot. The petition alleged that C. W. Talbot was a person of unsound mind but had not been adjudged incompetent and no guardian for him had been appointed. In affirming an order overruling a demurrer to the petition on the ground plaintiff had no capacity to sue, this court in a very able opinion reviewed the statutes and earlier authorities dealing with the question and held:

"An action may be maintained by an incompetent person by a next friend, when the incompetent is not insane but is incapable of managing his affairs, and incompetency has not been adjudged and no guardian has been appointed." (Syl. ¶ 1.)

In the course of the opinion it was said:

"There is no statute which in terms forbids commencement of an action by an incompetent by his next friend, when incompetency has not been adjudged and no guardian has been appointed. Under these circumstances, the court is of the opinion the common law permitting such a person to sue by his next friend has not been abrogated." (p. 2.)

Counsel for both parties to this action rely on the decision in that

case, but we think it is authority for plaintiff's position rather than defendant Commission's. The real gist of that holding is that in the absence of a statute abrogating the common law right of an incompetent to sue by next friend when incompetency has not been adjudged, the right exists in this state without regard to the character of the remedy sought. Certainly the statute (G. S. 1935, 68-419) does not abrogate the right and neither do we find any other statute which does.

And there is still a further reason why we think the action may be so maintained. The code (G. S. 1935, 60-401) provides that every action must be prosecuted in the name of the real party in interest (with certain exceptions not here material). The statute here involved (G. S. 1935, 68-419) provides that:

"Any person who shall . . . sustain damage . . . may recover such damages from the state of Kansas; . . ."

The *plaintiff* here is Doradeen Perry, the injured party, and it is *she,* not her father and next friend, *who is really bringing the action.* She is the real party in interest and not her father.

"Moreover, it will be presumed, wherever suit by a next friend has been instituted, that such consent to the bringing of the suit as the alleged incompetent is capable of giving has been given, and that it is in fact his suit." (28 Am. Jur., Insane and Other Incompetent Persons, § 104, p. 738.)

"A suit brought by a next friend is substantially that of the insane person." (44 C. J. S., Insane Persons, § 144, p. 311.)

(See, also, *Prosser v. Prosser,* 159 Kan. 651, 157 P. 2d 544.)

We hold that the action is properly maintainable in the manner in which it was brought.

With respect to the second ground of the demurrer, that the amended petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant Commission, the argument of counsel is that the allegations do not show the highway to be defective within the meaning of the statute; that they do not show that such alleged defect was the proximate cause of the injury, and that it affirmatively appears that both plaintiff and the driver of the car in which plaintiff was riding as a passenger were guilty of contributory negligence which was the proximate cause of the injury.

Rather than attempt to summarize the allegations of the amended petition in this respect we set them out in full, and they are as follows:

"4. That a part of said highway between the said cities of Greensburg and Kinsley runs from east to west and along the north side of Section 13, Township 26 South, Range 19, in Edwards county, Kansas, and is improved with bituminous surface approximately 18 feet in width which is divided into two lanes of traffic by a white center line; that said part of said highway is not level but traverses a rolling terrain. That in a valley, commencing about four-tenths of a mile east of the northwest corner of said section 13 and for about 250 feet west, said highway was, on July 17, 1948, and since about the first day of March, 1948, had been in a defective and dangerous condition in the following particulars, to wit: that proximately four-tenths of a mile east from the northwest corner of said section 13 and about six feet north of said center line there was a hole in the bituminous surface of said highway approximately two feet wide, three feet long and eight to ten inches deep; that immediately to the west of said hole there were hundreds of holes ranging in area from one to four square feet each, and in depth from three to six inches each; that said holes were from two to three feet apart and covered the north five to six feet of said bituminous surface for about 300 feet west from the hole first above mentioned and described; that opposite from said area and on the south side of said bituminous surface, the south five to six feet of said bituminous surface was full of holes of approximately like number, size, depth and distribution as those on the north side of said highway and extended for a like distance of about 300 feet, all of which rendered said highway dangerous for the public traveling over the same; that there were no lights, reflectors, signals or warning signs whatsoever at or near the holes above mentioned to warn users of said highway of the defective and dangerous condition thereof.

. . . . . . . . . . . . . . .

"6. That on the 17th day of July, 1948, in the nighttime and about 10:00 o'clock P. M., of said day, said plaintiff was riding in a Ford tudor sedan automobile on said highway 183 en route from Greensburg, Kansas, to Kinsley, Kansas; that said plaintiff was riding in the front seat and on the right-hand side thereof; that said automobile was driven by one Nina Finlay and was owned by one P. E. Holland; that said automobile was equipped with two lawful headlamps which were lighted; that because of the inherent character of the defects in said highway as hereinbefore described and alleged, said defects were extremely difficult to see and could not in the exercise of due diligence be seen or discovered by the driver of said Ford automobile or by said plaintiff until they were immediately upon the same, notwithstanding said lawful headlamps; that said automobile was being driven from east to west and on the right-hand side, or north lane of said highway and at a speed of approximately 35 to 40 miles per hour, and that when said automobile, driven as aforesaid, reached a point in said highway approximately four-tenths of a mile east from the northwest corner of said section 13, township 26 south, range 19, in Edwards county, Kansas, the right front wheel of said automobile struck and dropped into the hole in said highway hereinbefore described as being about six feet north of the center line of said highway and as being about two feet wide and three feet long and from eight to ten inches in depth, and this was instantly followed by the right rear wheel striking said hole and

by said automobile striking other holes hereinbefore mentioned and described, immediately to the west thereof, causing said driver to be jostled severely in said car and to lose control of said automobile and said automobile to overturn and said plaintiff to be violently thrown out of the same, as the result of which said plaintiff sustained the following severe, lasting and painful injuries, to wit:

". . . and that said damages were proximately caused by said defective highway as hereinbefore alleged."

Cases involving actions for damages on account of alleged defective highways have been before this court many times since the enactment of the statute (G. S. 1935, 68-419). Our reports contain numerous decisions having to do with various types of alleged defects. In some the conditions have been held to be defects within the meaning of the statute—in others not. Nothing would be added to the body of our law on the subject by a detailed discussion and analysis of those decisions. They are cited in the annotations under the statute number in G. S. 1935 and G. S. 1947 Supp. In passing on demurrers to petitions in actions such as this, appellate courts should be careful to refrain from saying anything which would in any way tend to prejudice either of the parties in the trial of the case. Here, however, defendant Commission asks us to hold that as a matter of law the allegations of the amended petition do not allege a defective condition in the highway, within the meaning of the statute, which was the proximate cause of the injury, and, further, that the allegations affirmatively show contributory negligence on the part of plaintiff and the driver of the car in which she was riding as a passenger. That we cannot do. What the proof may show on the trial of this case is another matter, but we have no difficulty in agreeing with the lower court that the allegations of the amended petition state a cause of action within the purview of the statute.

The demurrer to the amended petition was properly overruled and the judgment of the lower court is therefore affirmed.