## JOHANNA GUSTAFISON v. SOPHIA ERICKSDOTTER.

DEMURRER, *Erroneously Sustained.* Where a civil action is brought by a plaintiff without a guardian, and the defendant alleges that the plaintiff is a person of unsound mind, and a demurrer is sustained to said answer, *held,* that said demurrer is erroneously sustained.

*Error from Clay District Court.*

THIS was an action brought by the defendant in error to partition a tract of land situated in Clay county, Kansas, alleged to be owned in common by the plaintiff and defendant. The defendant below, plaintiff here, alleged in answer to the plaintiff's petition, among other things, "that the plaintiff is a person of unsound mind, and incapable of managing her own affairs; and that she resides in Sweden, and has no guardian in this state; and that the attorney, C. C. Coleman, who brought the suit for the plaintiff, had no authority from her to bring the same; and that plaintiff has not sufficient capacity to employ an attorney, or to make a valid contract, owing to her imbecility." To this answer plaintiff demurred, and for reason alleged that the said answer did not state facts sufficient to constitute any defense to plaintiff's action. At the May Term, 1886, said demurrer was by the court sustained. The defendant now complains of this ruling, and brings the case here for review.

*C. M. Anthony,* for plaintiff in error.

*C. C. Coleman,* for defendant in error.

Opinion by CLOGSTON, C.: The only question is, did the court err in sustaining the demurrer to the defendant's answer? This question brings up the inquiry, can a person of unsound mind bring an action without a guardian or next friend being joined as plaintiff? We think not. Our statutes provide who shall prosecute and defend actions for and against persons of unsound mind. Section 18, ch. 60, Compiled Laws of 1885, is as follows:

"It shall be the duty of every such guardian to prosecute

and defend all actions instituted in behalf of or against his ward, to collect all debts due or becoming due to his ward, and give acquittances or discharges therefor, and to adjust, settle and pay all demands due or becoming due from his ward, so far as his effects and estate will extend, as hereinafter provided."

The defendant's answer clearly raises the question of insanity, and the demurrer of the plaintiff admits the allegations to be true. Plaintiff, then, being admitted to be a person of unsound mind, has no capacity to bring this action; and what she cannot in person do, she cannot direct or employ an attorney to do for her. The court erred in sustaining the demurrer.

It is therefore recommended that the cause be reversed, and remanded with the order that the court overrule said demurrer.

By the Court: It is so ordered.

All the Justices concurring.