No. 28,394.

MAUDE B. ASH, as Executrix of the Estate of C. W. Talbot, Deceased, *Appellant,* v. H. F. G. WULF, *Appellee.*

(273 Pac. 432.)

Opinion filed January 12, 1929. 

*Carr W. Taylor,* of Hutchinson, and *William Keith,* of Wichita, for the appellant.

*L. T. Cannon,* of Humboldt, *Travis Morse* and *F. J. Oyler,* both of Iola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is the second coming of this controversy to this court. The case was first brought in the name of C. W. Talbot, by his next friend, Mrs. C. W. Talbot, to recover shares of stock which defendant purchased from another who had procured them by fraud. A demurrer to the petition by the defendant was overruled, and from the ruling an appeal was taken. A trial which followed resulted in a verdict for plaintiff, but the court granted a new trial, and from this decision, the plaintiff having died, his executrix appealed.

These appeals were consolidated and heard together, with the result that the rulings of the district court were affirmed. (*Talbot v. Wulf,* 122 Kan. 1, 251 Pac. 438.) After the case was remanded to the district court, Maude B. Ash, who had been appointed executrix

of the estate of C. W. Talbot, deceased, filed an amended petition to which the defendant demurred upon the grounds—first, that a cause of action was not stated therein; second, that the action was barred by the provisions of R. S. 60-306 and also by R. S. 60-307. The demurrer was sustained and the action was dismissed. Plaintiff again appeals and contends that the amended petition discloses a meritorious cause of action which was not barred by any statute of limitations.

In the original petition of an action brought by a next friend of C. W. Talbot, the case was framed in a double aspect of replevin for stolen property and rescission of a trade induced by 'fraud. She asked for the recovery of the shares of stock, or in the alternative the value of the shares which H. F. G. Wulf purchased from one who, it is alleged, procured them from Talbot by fraud on or about September 29, 1922. While it was alleged that the transaction occurred when Talbot was incompetent, it appears that he had not then been adjudged to be of unsound mind and no guardian for him had been appointed. It was held that the petition did not state a cause of action upon the theory of larceny, that the pleading was an attempt to state a cause of action for rescission and that a mere next friend had no authority to rescind an exchange of property made by one of unsound mind. (*Talbot v. Wulf,* supra, to which reference is made for a fuller statement of the facts pleaded.) It appears that Talbot died on May 31, 1925, and Maude B. Ash was appointed executrix of his estate. She procured an order of revivor of the case on June 20, 1925, and on December 24, 1927, filed the amended petition asking for a rescission of the exchange of shares of stock in the Monarch Cement Company, which had been held by Talbot for a certain unit or share in the American Royalties Company, alleged to have been effected by misrepresentation and fraud. The false representations as to the value of the stock were alleged to have been made by W. V. Mills and T. W. Timms to Mrs. Talbot in the presence of C. W. Talbot, when the latter was of unsound mind and incompetent to transact any business. That Mills then took the certificate of the shares of stock from her hands and placed it before Mr. Talbot, directing him to sign the certificate, and that the latter did so without understanding what was being done, and then Mills took the certificate from Talbot and put it in his pocket over the objection of Mrs. Talbot. This averment differed from that stated in the original petition. In the former appeal it was decided that the original petition did not state a cause of action

upon a theory of larceny of the stock, but that in it the plaintiff had pleaded all the elements of an executed contract, including offer, acceptance and delivery. It was further held that replevin for a recovery of the stock did not lie and that the allegations properly interpreted made it an action for a rescission, and that the next friend was without authority to rescind an exchange of property and hence no cause of action was stated.

In the amended petition the executrix pleaded for a rescission on the ground that Talbot was of unsound mind when the contract of exchange was made and that it was accomplished by fraud. As the contract was made by one who had not been adjudged incompetent and no guardian for him had been appointed, the contract at the most was only voidable. It is well settled that an executed contract made by an insane person who has not been adjudged insane and is not under guardianship, is only voidable and not void. (*Ætna Life Ins. Co. v. Sellers*, 154 Ind. 370, 372.) In that case the rule stated was announced, and it was said:

"Until disaffirmed, the voidable executed contract in respect to the property or benefits conveyed passes the right or title as fully as an unimpeachable contract. By ratification, it becomes impervious; by disaffirmance, a nullity. And as such a contract may be ratified, whether the beneficiary was ignorant of the grantor's infirmity or obtained the benefit by means of his knowledge of the disability, so, in either case, disaffirmance is necessary in order to reduce the contract to nothingness."

The plaintiff did not plead a disaffirmance of the contract, and the next friend not having authority to rescind there was no one who had that authority until the executrix was appointed, and she has failed to exercise that right. Disaffirmance is a condition precedent to the right of action, and the failure to allege it in the petition renders the pleading insufficient to state a cause of action.

Apart from that consideration, the action brought by the plaintiff was barred by the statute of limitations. It must be held that the executrix knew of the fraud, if any was committed, when she procured a revivor of the action in her name on January 20, 1925. The petition was not filed until December 24, 1927, more than two years after her appointment and her action in securing a revivor. When she was appointed she had the right to disaffirm and institute an action for rescission. It may be said that she was disabled to bring the action until that time, but she was required to institute it within a limited time. The statute provides that such an action must be brought within one year after the disability is removed, and as we

have seen this was not done. (R. S. 60-307.) There is another limitation providing that an action for relief on the ground of fraud must be brought within two years after the discovery of the fraud. (R. S. 60-306.) The executrix is chargeable with knowledge of the fraud at least from the time she procured a revivor of the action in her name, and she did not undertake to state a cause of action until more than two years after that time and more than five years after the contract was made. In any view the action was effectually barred.

The judgment is affirmed.