No. 12,281.

ELLIS *v.* COLORADO NATIONAL BANK ET AL.

Decided October 28, 1929.

Mr. Gilbert A. Walker, Messrs. Melville, Melville & Temple, for plaintiff in error.

Messrs. Gooding & Monson, Messrs. Bartels & Blood, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same relative position as in the trial court and we hereinafter refer to them as plaintiff and defendants, or by name.

This cause is before us for the second time. Our former decision should be read as a preface to this. Plaintiff, on March 24, 1927, asked permission to appear by his next friend, Long, and sue defendants for depriving him of his property by taking advantage of his mental disorder. Leave was granted and the suit was brought as a single cause of action. Defendants, contending that there were many, improperly joined, moved to separately

state and number. The trial court held with them. Plaintiff stood on his complaint and came here on error. We sustained the complaint and reversed the cause with directions to "overrule the motions and proceed in harmony herewith." *Ellis v. Colo. Natl. Bank,* 84 Colo. 266, 269 Pac. 997.

Defendants were thereupon given fifteen days "to plead." Instead they filed motions to strike all of three paragraphs and portions of six others. These motions were in part trivial, otherwise they sought to strike from the complaint allegations vital thereto and to our former ruling. At the same time they also filed motions to make more specific as to matters which were, or should have been, peculiarly within their knowledge. Plaintiff moved to deny the foregoing and require defendants to answer. When all pending motions came on for hearing plaintiff asked to make certain slight changes in his complaint, including paragraph 25, and leave to do so was granted. Thereupon all motions were overruled and defendants were given ten days to demur, or move as to paragraph 25, or fifteen days to answer. Thereafter the bank demurred for plaintiff's want of capacity to sue and the court's want of jurisdiction. Bancroft did likewise, and added want of facts. The other defendants filed the same demurrer as Bancroft and also moved to strike amended paragraph 25. Holding now that plaintiff had no capacity to sue; that the court had, and had not, jurisdiction; that the facts alleged were sufficient; and that paragraph 25 was good; the demurrers and motion were disposed of accordingly. Quite apparently to meet this situation—if not actually at the court's suggestion, as asserted in the briefs—plaintiff moved to amend by interlineation so as to allege that he was "so distracted mentally as to be unable to look after his business affairs," and "in such a weakened mental and nervous physical condition," etc. Leave was granted and that amendment made. A week later all the defendants again demurred to the original petition for leave

to sue by next friend. The grounds thereof were want of facts, want of jurisdiction, and want of capacity in plaintiff to sue. All of which, briefly stated, simply meant that defendants now insisted that plaintiff could not sue by his next friend, but must move in person or by conservator, and if by conservator then by one who must be appointed by the county court. These demurrers were sustained with the explanation: "The court states that, in effect, it overrules its ruling formerly made." The trial court thus set aside its original order permitting plaintiff to sue by his next friend and found that the complaint, which defendants contended contained some twenty causes of action, which that court held contained ten, and which we had found contained but one, in fact set up none. Plaintiff elected to stand, and to review the judgment of dismissal thereupon entered against him he prosecutes this writ.

The foregoing proceedings, from the issuance of our remittitur, to judgment, extended over a period of almost five months. A brief glance at the bald facts here appearing discloses one of the grossest cases of the abuse of pleading ever called to our attention. This plaintiff, represented by counsel of learning and standing, comes into a reputable court of general jurisdiction and asks to bring a suit in a certain way. His request is granted. He then tells the court, by sworn complaint, that he is an aged, and was a prosperous, citizen; that certain people took advantage of his mental affliction, stripped him of his substance, and crowded him, helpless and penniless, save for a bare pittance, out of his comfortable home and upon the world's charity. The persons charged appeared by counsel, of equal learning and standing, and a tournament of pleading began. When the present case was orally argued here that tournament had been in progress for over two years. The cause had twice been before the state's highest tribunal, and this plaintiff had not yet been able to compel those

against whom he had so solemnly made such terrible charges to even answer him.

We fail to find in this record any serious legal difficulties, or any intricate problems requiring elucidation. A few plain rules, resting upon the common sense of common law, furnish the requisite guideposts to get this litigation out of this wilderness.

■ The only concern of these defendants with the form of plaintiff's action or his method of bringing it, is that thereunder the questions in controversy should be legally triable and the judgment entered such as will protect them against a second accounting. Final judgment (and if thereby called for, settlement thereunder) in an equitable action, brought by plaintiff by his next friend, on leave of court, clearly gives them that protection.

■ Section 5236, C. L. 1921, provides for the appointment of a conservator for a person who has, after trial, been judicially "declared insane." This plaintiff has not been so declared, and since no statute expressly forbids one in his position suing by next friend, on leave of court, his right to do so is clear. §6516, C. L. 1921; *Talbot v. Wulf*, 122 Kan. 1, 251 Pac. 438.

■■ The district court is a tribunal of general jurisdiction with the broadest equity powers. Art. VI, §11 Colo. Constitution. It unquestionably has the right, unless prohibited by valid statute, to decide under what circumstances one may sue by his next friend. If it decides wrongly an objector must question that decision within a reasonable time or he acquiesces. While such courts have a very wide discretion in the matter of altering decisions and changing rulings when they believe they have fallen into error, there must, of course, be a limit to litigation, and hence they are circumscribed as to time. §81, Civil Code, p. 116, C. L. 1921. Such repeated reversals, after repeated or long delays, as result in merely harrowing litigants, amount to such an abuse

of discretion as to defeat the very purpose for which it was vested.

■ When the court, in the instant case, had given plaintiff leave to sue by his next friend, and so suing he had been here and back again with his cause, that order should not be set aside. After defendants had questioned the form and substance of the complaint, and had those questions decided in two courts, they should never be permitted to go back of form and substance and question, by demurrer, the validity of the order granting permission to sue. 32 C. J., p. 774, §598.

■ All motions should, if practicable, be filed at the same time. This is equally true of demurrers. Chief Justice Dixon, speaking for the Supreme Court of Wisconsin, thus states the rule and the reason supporting it: "A party who seeks to take advantage of irregularities or defects, must bring forward all his objections at once, * * * he will not be permitted to parcel them out, and produce them piecemeal. Any other rule would be absurd, and would lead to endless and crushing litigation. If it were otherwise, a defendant conceiving himself to have several objections * * *, could bring them forward, one after the other, and try them separately in the court below, and then in this court upon appeal. Nay more, if the theory of the defendants be true, after his several objections had been tried in this manner, heard and determined against him, he could, because he had theretofore been *resisting* motions instead of *making* them, commence making cross-motions * * * and one by one review the same objections, as well as others, and again go through with the same process of trial and appeal. Thus it would happen that years of most vexatious and oppressive litigation would be required to determine whether a sheriff's report of sale would be confirmed or not." *Pierce v. Kneeland,* 9 Wis. 23, 34. Violations of that rule, if an injury to an opponent or an impediment to the court, can easily be controlled by a proper exercise of the latter's discretion,

·by the imposition of costs or other conditions if necessary.

This·plaintiff, sane or insane, is now clearly entitled to prosecute this suit by his next friend, Long. The district court, in the exercise of its equity powers, having granted such permission and taken jurisdiction, should retain it.

The judgment is reversed and the cause remanded with directions to require these ,defendants to answer the complaint as it stood when our former remittitur was issued and bring this cause to issue and trial with all reasonable dispatch and in conformity herewith.

MR. JUSTICE BUTLER not participating.