No. 34,086

EMMA RODENBERG, by IDA BACHMAN, Her Guardian, *Appellant,* v. ERNEST C. RODENBERG, *Appellee.*

(86 P. 2d 580)

Opinion filed January 28, 1939.

*W. H. von der Heiden* and *C. A. Morgan,* both of Newton, for the appellant.

*Ezra Branine, Alden E. Branine* and *Fred Ice,* all of Newton, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment sustaining a demurrer to a petition and to an amended petition in an action which counsel for appellant choose to characterize as one brought against a husband for the support of his insane wife.

The original petition was filed on May 20, 1936. On November 9, 1936, the trial court sustained defendant's demurrer lodged against it. That ruling is not open for appellate review for two reasons. Appellant did not appeal within six months as then permitted by the civil code (G. S. 1935, 60-3309), now reduced to two months (G. S. 1937 Supp. 60-3309). The second barrier to an appeal from that ruling is that appellant acquiesced in it by filing an amended petition. (*Hamill v. Hamill,* 134 Kan. 715, 717, 8 P. 2d 311.)

Turning first to the matters of form in the amended petition, we note that Emma Rodenberg, a distracted person, brought this action by the duly appointed guardian of her person and estate. This is the proper way to bring the action if the petition has stated some justiciable grievance which Emma Rodenberg has suffered or now suffers at the hands of her defendant husband. (G. S. 1935, 39-209.)

But let us notice with particularity what is alleged in the amended petition. Mayhap it is fairly inferrable, although not squarely alleged, that on March 18, 1928, plaintiff was adjudged to be insane by a court of competent jurisdiction. She was committed on that date to the state hospital for the insane at Larned; and on April 29, 1934, she was paroled (probably as improved, but not cured) from the state hospital. Thereafter, on July 30, 1934, Ida Bachman was appointed as guardian of plaintiff's person and estate.

Plaintiff's petition next alleges that defendant is her husband, to whom she had been married in 1918; that he is able-bodied and capable of earning good wages, and operates a good farm in Harvey county; but that he has lived apart from plaintiff since April 29, 1934, and that he has failed, neglected and refused to provide any support for her; that in August, 1934, plaintiff received the sum of $216.50 from an estate in which she had an interest; and that this sum was used for her care and keep during the succeeding year and had been exhausted by May 24, 1935, since which time plaintiff has been without funds of her own—

144

"And during all of said time (from May 24, 1935, until the filing of this amended petition, February 3, 1937) said defendant has failed and refused to lend any assistance whatever."

Other allegations of the amended petition were that during a period beginning April 30, 1935, and ending June 20, 1936, Ida Bachman had provided clothing, care and keep for plaintiff at an expense of $5 per week for 60 weeks, totaling $300.

The petition also alleged that for a period of seven months, between June 20, 1936, and January 20, 1937, Ida Bachman had paid to other parties the sum of $25 per month for the care and keep of plaintiff, totaling $175.

Plaintiff's prayer which concludes this petition asks judgment for $300 for her care and keep from April 20, 1935, to June 20, 1936, and a further judgment for $175 for her care and keep from June 20, 1936, until January 20, 1937.

This amended petition was met by a demurrer which the court sustained on the ground that it did not state sufficient facts to constitute a cause of action. The cause is brought here for review.

Touching the claims of Ida Bachman for compensation for clothing and for the care and keep of plaintiff from April 20, 1935, to June 20, 1936, the trial court's judgment was undoubtedly correct. If those claims were properly chargeable against defendant, Ida Bachman could have sued on them on her own behalf. An action by plaintiff was clearly not maintainable on those claims. She was not the real party in interest. (G. S. 1935, 60-401.)

Assuming that so much of plaintiff's petition as pertains to the alleged payments made by Ida Bachman "to other parties . . . for the care and keep" of plaintiff, may be construed as an allegation of an assignment to Ida Bachman of such claims of those "other parties," it is again perfectly obvious that plaintiff has no justiciable interest in them; and an action cannot be maintained in her name—guardian or no guardian. They are justiciable, if at all, by Ida Bachman in her own behalf, and not otherwise.

With these simple rules of good pleading and practice in mind, it is clear that the trial court's ruling that the claims and demands of Ida Bachman were not justiciable in this action by the plaintiff Emma Rodenberg was correct. To that extent the demurrer to the petition was properly sustained.

We do not overlook the fact that some of the matters alleged in this petition are governed by statute (G. S. 1935, 39-201 et seq.,

and particularly by 39-231 and 39-233), but the present action was not brought under any of those statutory provisions. Indeed, G. S. 1935, 39-234, seems to infer (although we do not decide) that except where expressly authorized by the act, as in G. S. 1935, 39-232, the probate court has original jurisdiction, and the jurisdiction of the district court is merely appellate as "in any matter arising under the provisions of this act."

Broadly considered, however, this plaintiff does plead a justiciable grievance against her husband. As quoted above, she alleges that she is without funds or means of support, that her defendant husband is able-bodied and capable of providing for her, and that it is his duty to do so. We see nothing vitally wanting in plaintiff's petition to state a cause of action against her husband for support, although there is nothing in the prayer of her petition to indicate that such is the relief she sues for. But in her brief the gist of her action is thus stated:

"This is an action brought by an insane woman through her guardian to recover from the husband of the insane woman for the support of the insane person."

Touching the failure of the prayer of plaintiff's petition to ask for support, this court has often said that if a petition states a cause of action, the nature of the prayer is not of vital importance. In *Eagan v. Murray*, 102 Kan. 193, 170 Pac. 389, it was said:

"The prayer of a petition is merely the pleader's idea of the relief to which he is entitled; it is not a part of the statement of the cause of action; and if the cause of action is sufficiently stated and sufficiently proved, the court will adjudge and decree the proper legal redress, which may or may not conform in whole or in part to the relief prayed for by the pleader." (Syl. ¶ 2.)

See, also, *Snehoda v. National Bank*, 115 Kan. 836, 224 Pac. 914; *Shelley v. Sentinal Life Ins. Co.*, 146 Kan. 227, 232, 69 P. 2d 737.

In our early case of *Birdzell v. Birdzell*, 33 Kan. 433, 6 Pac. 561, the action was by an insane woman, by her guardian, against her husband for a divorce and alimony. This court held that such an action could not be maintained—not even for alimony alone. But on a rehearing, 35 Kan. 638, 11 Pac. 907, the dogmatism of the first opinion was toned down considerably. The court there said:

"We have not decided, and have not intended to decide, that the unquestioned duty of the husband to support his wife may not be enforced by a court of equity upon proper proceedings commenced therefor. If the petition heretofore filed be amended so as to show that Birdzell has abandoned

his wife and separated himself from her without providing any sufficient support, and other facts are set forth showing that the wife has no adequate or sufficient remedy under the statute, then a case will be presented as to the jurisdiction of the district court, as a court of equity, to grant salutary relief independent of the statute relating to divorce and alimony. When such a case is before us, it will be time enough for us to decide whether there is any remedy for such wrongs by way of an allowance for suitable maintenance and support out of the estate of the husband." (p. 638.)

The bench and bar of today are under so many obligations to the learned jurists of a half century ago that we shall not labor the point that a suit by a destitute wife for alimony where no divorce is sought, and one for her support and maintenance, are not readily distinguishable in principle. In the early case of *Glover v. Glover*, 16 Ala. 440, it was said:

"Where a husband abandons his wife without just cause, and casts her upon society destitute of the means of subsistence, a court of chancery, as an original ground of equity, will entertain a bill filed against him for alimony." (Syl. ¶ 1.)

In *State, ex rel. Young, v. Superior Court*, 85 Wash. 72, 147 Pac. 436, a husband invoked *certiorari* to review an order of the superior court which had required him to pay his wife $25 per month for her temporary maintenance, pending her action against him for separate maintenance. In affirming the judgment the court quoted approvingly at some length from *Milliron v. Milliron*, 9 S. D. 181, 68 N. W. 286, 62 A. S. R. 863, and 1 R. C. L. 903, and held:

"An action by a wife for separate maintenance being within the inherent jurisdiction of a court of equitable cognizance, independently of statute, the court may award temporary maintenance and suit money pending the action; and the fact that the only express statutory authority for such relief is restricted to divorce suits cannot be construed by implication as excluding such relief in an action for separate maintenance." (Syl.)

In our own comparatively recent case of *Wohlfort v. Wohlfort*, 116 Kan. 154, 225 Pac. 746, the facts were briefly these: A husband left his wife in Chicago and returned to Kansas to live with his mother. Eventually the deserted wife made her way back to Kansas and brought an action against the husband for separate maintenance; and pending its disposition the trial court ordered him to pay her $50 per month as temporary alimony, and committed him to jail for disobedience of the order. While the case involved details of no present concern, this court upheld the wife's right to maintain the action; and in the careful opinion of Mr. Justice Harvey, we took note of the

older, uncertain state of the law touching a wife's right to maintain an action for alimony not incidental to an action for a divorce. Our unanimous view was that such an action was maintainable. We held:

"It is the duty of a husband to make reasonable provision from his money, property, or labor, for the maintenance of his wife, and he is not relieved of that duty by the fact that the wife, without fault on her part, is compelled to live apart from him." (Syl. ¶ 3.)

Does it alter the rule which these decided cases of the last half century have developed, that because this plaintiff is afflicted with mental infirmity she cannot maintain an action for support? In *Birdzell v. Birdzell,* supra, the court said it would meet that question with an open mind if and when plaintiff's petition was amended as the second opinion suggested.

In *Gustafison v. Ericksdotter,* 37 Kan. 670, 16 Pac. 91, it was held that a person of unsound mind could not maintain an action without a guardian, but cited the pertinent statute (Compiled Laws of 1885, ch. 60, sec. 18; now G. S. 1935, 39-209) as the proper procedure.

In *Talbot v. Wulf,* 122 Kan. 1, 251 Pac. 438, which was an action for relief on the ground of fraud, brought in behalf of an incompetent person who had not been so adjudged and for whom no guardian had been appointed, the action was captioned "C. W. Talbot, by his next friend, Mrs. C. W. Talbot, plaintiff." In holding such action might be maintained the court remarked that if the incompetent plaintiff had been so adjudged and had a duly appointed guardian, the action should be brought in conformity with the statute G. S. 1935, 39-209.

To conclude, we think the judgment must be reversed in part. The cause should be remanded to the district court with instructions to set aside its ruling on the demurrer insofar as it sought to meet the allegations of plaintiff's petition touching her wants and needs and the failure of her husband to support her, and to permit issues to be joined thereon and to proceed further in accordance with this opinion. It is so ordered.